GRESHAM *v.* GRESHAM.

(In Banc. March 26, 1945.)

[21 So. (2d) 414. No. 35807.]

Stokes **V. Robertson**, of Jackson, for appellant.

Hugh V. Wall, of Brookhaven, for appellant.

Barnett, Barnett, Jones & Stone, of Jackson, for appellee.

Argued orally by **Hugh V. Wall** and **Stokes V. Robertson,** for appellant, and by **Ross R. Barnett,** for appellee.

**Roberds, J.,** delivered the opinion of the court.

Appellant was granted a divorce from appellee on the ground of desertion, and the chancellor, in an oral opinion dictated into the record, gave appellee the option to pay appellant $60 per month and permit her to occupy and use the home in Jackson, or to pay her $100 per month without the use of the home, in both events to continue for three years, or to pay her $1,250 cash and $250 for her attorneys and occupy the home for one year, thereby, in either case, discharging all future obligations to her. Naturally he elected to pay the $1,250 cash and permit the use of the home for one year, and a decree was entered to that effect. From this Mrs. Gresham appeals. She contends (1) that the amount of alimony is unjust and wholly inadequate, (2) that the solicitor's fees are not sufficient, and (3) that she should be allowed $125 here for services of her solicitor on this appeal, for which she has made a motion in this Court. We will pass upon these contentions in the order stated.

The proof shows that appellee, Dr. Gresham, has property, conservatively estimated, of the value of around $18,000, consisting of a house and lot in Jackson occupied by appellant under the alimony decree; a small farm in the Mississippi delta, rented for $600 per year; some lots in the City of Jackson; cash in bank at the time of the

trial in amount of $2,000; his office equipment and accessories of the value of $1,000; a half interest in another house and lot in Jackson, the other half interest being owned by a former wife of Dr. Gresham, who had also obtained a divorce from him; that he has an average gross income of around $400 per month from a well established business as a chiropractor in Jackson, with monthly expenses of about $100.

At the time of the trial Dr. Gresham was 56 years of age with no dependents other than his two ex-wives, to the former of which he is paying $50 per month alimony and who is occupying the property jointly owned by them.

On the other hand, it is shown that Mrs. Gresham was 47 years of age when the case was tried, was supporting a minor son by a former husband, was qualified to perform work as a stenographer, and owned a house and lot in Brookhaven, Mississippi, of the approximate value of $4,000 with a mortgage debt against it in the sum of $877, the rental income from which being about sufficient to pay upkeep, taxes, insurance and meet the debt installment payments. There is further proof that while appellee and appellant lived together as man and wife that Mrs. Gresham worked in his office and by her efforts assisted, to some extent at least, in the accumulation of some of the property now owned by him and in relieving such property of encumbrances. It is further shown that Mrs. Gresham has not been in good health.

It is the general rule in this state that the matter of awarding alimony, both temporary and permanent, is largely within the discretion of the trial court "and is not subject to revision and correction on appeal, unless it is erroneous on its face, or unjust to either party, or oppressive." Winkler v. Winkler, 104 Miss. 1, 61 So. 1, 2, Ann. Cas. 1915C, 1250.

Mrs. Gresham urges that the power of Dr. Gresham under the decree to relieve himself of all future obligation to support her by paying $1,250 and allowing the use by her of the home for one year is unjust to her under the

circumstances. In this we think she is correct. The obligation of the husband to support his wife is of high degree and the public has an interest therein that the wife become not a public charge. Felder v. Felder's Estate, 195 Miss. 326, 13 So. (2d) 823. Dr. Gresham is an active man, with a good income from his business, owns property to the approximate value stated above, has no obligation to other dependents, except the aforesaid duty to his first wife, and his personal expenses need not be large. He is amply able to properly support appellant and it is his duty to do so. It is evident that a woman of her age is at a great disadvantage in procuring clerical or stenographic employment and it is not shown that she is able to do so, and she derives little, if any, net income from the property in Brookhaven. The time for occupancy of the home in Jackson under the decree will expire May 26, next, and certainly $1,250, under present living conditions, would not support her much longer than one year. In other words, if the present decree is permitted to stand, Dr. Gresham is shortly free of any further duty to support his wife. We do not think it is just that he should be able to discharge that duty so easily.

This Court has the power to affirm, reverse, or modify the decree appealed from, or it may reverse in part and affirm in part, or remand for a new hearing, and where all the facts necessary to enable it to do justice are contained in the record, it may make such order with respect to alimony or allowances as the trial court should have made. 27 C. J. S., Divorce, p. 1111, sec. 289. The essential facts are in the record. There would seem no need to remand the cause.

Appellee should, and will be, required to pay appellant $60 per month, beginning May 26, 1944, the date of the decree below, and permit her to occupy and use the home on Grand Avenue, in Jackson, Mississippi, or, at her option, pay her $100 per month from said date without the use of the home, and this shall continue until a change in circumstances justifies a modification of this order, at

which time either party may petition the proper court for such modification.

We think the allowance by the lower court to appellant of $250 for services of her solicitor in that court was a fair and just allowance, and his action in so doing is affirmed.

The motion for allowance to appellant of $125 for services of her solicitor in this court is sustained.

An order will be entered here in accordance with this opinion.

Affirmed in part and reversed in part and judgment here.