271 So.2d 391 (1972)
Edna McCrary MARTIN
v.
Colonel Rawley W. MARTIN, U.S.A.F., Ret.
No. 46780.
Supreme Court of Mississippi.
December 11, 1972.
*393 Sekul, Hornsby, Wallace & Blessey, Biloxi, for appellant.
Johnston & Felder, Pascagoula, for appellee.
*392 SUGG, Justice:
Appellant filed a bill of complaint for divorce, alimony, solicitor's fee and for custody of children in the Chancery Court of Jackson County, Mississippi, and later, a petition to cite appellee for contempt of court for failure to pay the amount due under a decree awarding her temporary support and for an injunction. Appellant filed, in a separate cause, a petition for an accounting and removal of appellee as custodian under the Mississippi Uniform Gifts to Minors Act.
These three causes were consolidated for trial and appellant was awarded a divorce from the appellee, custody of their fourteen-year-old daughter, monthly alimony of $100 for five years or a lump sum alimony of $5,000, if paid within sixty days of the decree, together with $100 per month for child support. Appellee was given custody and full support obligations of their eighteen-year-old daughter, as well as exclusive use of the couple's home for six months, but was required to pay taxes, insurance, maintenance and mortgage payments in lieu of rent, with each party having the right to partite the realty after six months if a sale thereof was not made. All property jointly owned by the parties was divided equally. Disposition of other property of the parties will be hereinafter referred to. From this decree, appellant perfected her appeal on the issues of alimony, solicitor's fees, contempt, injunction and the failure of the court to remove appellee as custodian under the Mississippi Uniform Gifts to Minors Act.
The questions of granting a divorce to appellant, the custody of the two minor children and the award of personal property to appellant were not raised on appeal and are not here considered.
The first question for consideration is the award of alimony.
The parties were married for approximately thirty years and enjoyed a high standard of living during their marriage. Appellee is a retired colonel from the Air Force and the parties lived in a new brick home, having a value of more than $30,000 on which there is now outstanding a mortgage in the approximate sum of $14,485. Appellant, during the course of their marriage, enjoyed the services of from one to four maids although she has performed all the housework since appellee's retirement. Appellee is 54 years of age and appellant is 50 years of age and never worked outside the home during the course of the marriage except for a part-time job which she accepted shortly before the separation. Appellee is well educated and has a masters degree, although he is not using this to supplement his income.
The decree recognized that the parties each owned an undivided one-half interest in their home, a brokerage account of the approximate value of $6,000 and a Florida real estate investment in the amount of $5700, subject to an existing mortgage on the home. Appellant was awarded one Plymouth Duster automobile, jewelry insured for $2500, the furniture which she removed from the home and was permitted to retain $850 that she withdrew from a bank account of the parties.
After making the awards listed above, appellee had a considerable net worth, including two boats, one pick-up truck, insurance having a cash value of $8504.80, bank stock worth $1550, a certificate of deposit with Keesler Credit Union in the amount of $4,000, the remaining furniture in the home and an automobile which he gave to the eighteen-year-old daughter.
There was a sharp dispute in the testimony about other assets of appellee including savings account at Great Western, an additional account at Keesler Credit Union and the application of the proceeds of $16,000 received as damages to the home *394 and personal property after Hurricane Camille with the exception of $4,000 spent on repairs. On remand a more precise finding as to the net worth of appellee should be developed.
At the time of the trial appellee was receiving as a retired Air Force Colonel, retirement pay in the amount of $810 per month, a Veterans Administration allowance in the amount of $46 per month, together with income from investments, making his monthly income slightly more than $1,000. On the other hand appellant was only earning $320 per month from her employment at the time of the trial.
Appellant contends that the award of alimony was grossly inadequate and constituted abuse of discretion by the trial court.
It is a well recognized rule that an award of alimony will not be disturbed on appeal unless the award is oppressive, unjust or grossly inadequate, and unless the chancellor abused his discretion in making the award. The rule as stated in Harrell v. Harrell, 231 So.2d 793 (Miss. 1970) is as follows:
By the terms of the statute the court has discretion, having regard to the circumstances of the parties to make an award for the support of the wife and child as may seem equitable, and numerous decisions of this Court relating thereto unvaryingly hold that the chancellor's decision adjudicating the award will not be set aside by this Court unless it is against the overwhelming weight of the evidence. Lowry v. Lowry, 229 Miss. 376, 90 So.2d 852 (1956); Pickering v. Pickering, 51 So.2d 740 (Miss. 1951); and De Marco v. De Marco, 199 Miss. 165, 24 So.2d 358 (1946). (231 So.2d at 796.)
Another statement of the rule was made in Gresham v. Gresham, 198 Miss. 43, 21 So.2d 414 (1945), where the Court stated:
It is the general rule in this State that the matter of awarding alimony, both temporary and permanent, is largely within the discretion of the trial court "and is not subject to revision and correction on appeal, unless it is erroneous on its face, or unjust to either party, or oppressive." Winkler v. Winkler, 104 Miss. 1, 61 So. 1, 2, Ann.Cas. 1915C, 1250. (198 Miss. at 47, 21 So.2d at 415.)
We are of the opinion that the award of $100 per month alimony limited to a period of five years with the option to pay $5,000 in full satisfaction of all alimony is grossly inadequate under the facts in this case, and hold that the Chancery Court abused its discretion in the allowance of alimony.
We reverse as to the alimony allowance, and upon remand the Court will not limit the monthly award of alimony to five years, and shall consider the following factors in the award of permanent alimony: (1) The health of the husband and his earning capacity; (2) the health of the wife and her earning capacity; (3) the entire sources of income of both parties; (4) the reasonable needs of the wife, taking into consideration the customary mode of living during marriage; (5) the necessary living expenses of the husband and the child in his custody; (6) the estimated amount of income taxes the respective parties must pay on their incomes; and, (7) such other facts and circumstances bearing on the subject that might be shown by the evidence. Brabham v. Brabham, 226 Miss. 165, 84 So.2d 147 (1955). See also Nichols v. Nichols, 254 So.2d 726 (Miss. 1971).
The chancellor allowed appellant $600 for services performed by her solicitor and in the absence of any proof as to the inadequacy of the sum allowed, the allowance of the solicitor's fee is affirmed.
The record shows that the appellee failed to pay temporary alimony and child support in the amount of $240. The Court found, "It is hereby ordered that if there be any delinquency in said payments heretofore *395 ordered, said delinquency must be paid within ten days from this date or citation be filed for contempt for such failure to so do."
The court had the proof necessary before it for disposition of the petition to cite appellee for contempt; therefore, the case is remanded on the petition for citation for contempt for a proper decree thereon.
The chancellor was correct in refusing to remove appellee as custodian of the trust created under Mississippi Uniform Gifts to Minors Act for the benefit of his two minor daughters because the record shows that appellee is competent and qualified in financial matters. The court ordered an accounting by appellee as custodian of the funds held under the Mississippi Uniform Gifts to Minors Act and provided that a separate decree pertaining thereto be entered in Cause 22,700. This decree does not appear in the record so we are unable to pass on the question of the sufficiency of the accounting ordered by the trial court.
Other errors were assigned by the appellant, but they either had no merit, or will not recur on retrial of the issues submitted for retrial.
In her petition to cite appellee for contempt of court, appellant sought a permanent injunction against the appellee to enjoin him from harassing, molesting or assaulting this complainant and her daughters. Relief was denied on the prayer of this petition and the action of the trial court in this matter is affirmed.
Reversed and remanded on the issue of alimony, reversed and remanded on the issue of contempt for proper decree and affirmed as to all other issues.
GILLESPIE, C.J., and JONES, PATTERSON and SMITH, JJ., concur.