PATTERSON, Chief Justice,
for the Court:
Eleanor Windham Smith was granted a divorce from Nead Chester Smith, Jr., on the grounds of habitual cruel and inhuman treatment by the Chancery Court of the Second Judicial District of Jones County. Mrs. Smith was awarded the use and occupancy of the jointly owned marital home, $300.00 per month alimony, one-half interest in a certificate of deposit, subject to a bank lien, and attorneys’ fees. Mr. Smith was granted the use and occupancy of an office building jointly owned by the parties. Aggrieved Mrs. Smith appeals placing in issue the adequacy of the alimony and attorneys’ fees.
The parties were married in 1949 and have two children who were emancipated at the time of trial. During the early years of their marriage the appellant, who has a high school education, worked full time while her husband completed his education. After the birth of their first child, Mrs. Smith devoted full time to the home but continued to help her husband in his accounting practice when needed.
The appellant has no property or income of her own other than that accumulated during her marriage to the appellee. Although she is in relatively good physical condition she'has not sought employment since the separation from her husband due to emotional problems. She testified her monthly living expenses were approximately $1,040 and now contends the award of $300.00 per month alimony was grossly inadequate considering the evidence presented to the trial court. After reviewing the record we cannot determine the appellee’s worth with any degree of accuracy. However, there is evidence which strongly suggests a calculated course of conduct by the appellee prior to the divorce to disperse the assets of the parties so as to place them beyond the reach of the wife in a divorce proceeding.
Due to Mr. Smith’s inability or unwillingness to produce his financial records there is no testimony as to his actual worth, but the testimony does indicate he has assets considerably in excess of his assertions. There are similarities between this case and Pierce v. Pierce, 267 So.2d 300, 302 (Miss.1972), in which we stated, “Our study of the record in this case has convinced us that the appel-lee Mr. Pierce is much more able to pay a *589 reasonable support for his wife than he is willing to admit to the court.”
Although Smith’s accounting business has not prospered for the last several years partially because of ill health and excessive drinking, he has nevertheless become involved in other business corporations, has borrowing power and has acquired an interest in some real estate. Smith admitted owning a one-third interest in Southeast Rentals, Inc., which owns approximately 13 mobile homes and 171.71 acres of land in Jasper County. He alleged in a bill of complaint against the two other owners of Southeast Rentals, Inc., that.the shareholders’ equity was $330,000 and that the corporation had net earnings of $82,000. He has recently acquired a one-half interest in Broin Berg, Inc., a business corporation, the other one-half interest being owned by Mrs. Jackie Smith Sanford, the appellee’s alleged paramour. The money advanced to this corporation came from Smith’s private accounting practice. The evidence also discloses that two condominiums were purchased in Biloxi with funds from the corporation, the title being placed in the name of Mrs. Sanford’s sister.
Before their separation the parties jointly owned a $35,000 certificate of deposit. Following their separation Smith paid a penalty for early withdrawal of the certificate and had it reissued in his name and pledged it as security for a personal pre-existing indebtedness to his bank. In addition, Mrs. Smith was removed as a beneficiary of the appellee’s life insurance policy.
Although the above activities were not illegal, we are of the opinion they nevertheless indicate appellee’s purpose to disburse the assets acquired during 34 years of marriage to hinder the trial court in its determination of equitable support for the wife.
The trial court is of course empowered by Miss.Code Ann. § 93-5-23 (Supp.1982), to make “in its discretion, having regard to the circumstance of the parties and the nature of the case, as may seem equitable and just,” all orders concerning the maintenance and alimony of the husband and wife. Obviously the court must have, to carry out the statute’s intentions, evidence of the husband’s earning ability and the worth of his assets before an equitable award can be made. In determining the amount of alimony, this Court has held the award is principally a decision for the trial court. E.g. Aldridge v. Aldridge, 200 Miss. 874, 27 So.2d 884 (1946). In McKee v. McKee, 418 So.2d 764, 766 (Miss.1982), citing from Jenkins v. Jenkins, 278 So.2d 446 (Miss.1973), we stated:
There appears to be no fixed rule upon this subject, but it depends upon the discretion of the court, to be exercised with reference to an equitable view of all the circumstances of the particular case, the only general rule being, that the wife is entitled to a support corresponding to her rank and condition in life, and the estate of her husband. (Emphasis added).
We have also stated an award of alimony will be reversed when it is oppressive, unjust or grossly inadequate. Martin v. Martin, 271 So.2d 391 (Miss.1972).
The appellant was granted a divorce, not in issue here, but the award of $300.00 per month alimony and the use of the jointly owned home is grossly inadequate for a wife of 34 years in our opinion. Provided, of course, the former husband has earning ability or assets indicative of greater ability to pay. Although this Court is empowered to affirm, reverse or modify the decree appealed from, Gresham v. Gresham, 198 Miss. 43, 21 So.2d 414 (1945), we think, under the circumstances, the cause should be remanded to the trial court for further consideration of the alimony award upon additional evidence being taken concerning the appellee’s ability to pay. We do not determine, but rather suggest, that in its consideration of a proper award, the trial court give thought to an award of lump sum alimony, in addition to the monthly award, in the amount of one-half of the certificate of deposit, payment of which to be secured by a lien upon the appellee’s interest in the jointly owned office build *590 ing; or the appellant be awarded reasonable rental for her interest in the office building. These suggestions are not intended to limit the trial court from any other manner or means of payment that might appear to it to be equitable and just.
We have considered the issue of attorneys’ fees and are of the opinion the trial court did not abuse its discretion in directing attorneys’ fees of $1,250, and in accord with custom, one-half of that amount is awarded here for attorneys’ fees on appeal.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
WALKER and BROOM, P.JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.