475 So.2d 802 (1985)
William H. MASSEY
v.
Martha E. MASSEY.
No. 55638.
Supreme Court of Mississippi.
August 28, 1985.
*803 James W. Amos, Hernando, for appellant.
William F. Hagan, Hernando, for appellee.
Before ROY NOBLE LEE, P.J., and ROBERTSON and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
Martha E. Massey received a decree of divorce from Robert J. Kelly, master, and Leon E. Hannaford, Sr., Chancellor of DeSoto County, Mississippi, which judgment granted her a divorce on the grounds of habitual cruel and inhuman treatment. Among other things, Martha Massey received $428.80 per month as alimony to commence on October 1, 1983, and to run for a term of thirty-six months. At the conclusion of the thirty-six months, Martha Massey was required to bring further action before the Chancery Court to determine the status of the parties at that time for the court to determine whether or not alimony should continue.
Martha Massey was further awarded $7,600 as a cash division of the parties, based on Martha Massey's contribution to the marriage, this lump sum award to be paid in monthly installments of $100 a month commencing on October 1, 1983, and continuing until paid in full.
Martha Massey was awarded as attorney's fees to be paid to her attorney of record the sum of $1,500, which sum was to be paid in monthly installments of $50 per month beginning on October 1, 1983, and continuing until $1500 had been paid.
On appeal, William H. Massey assigns two errors:
1. The court erred in overruling appellant's motion for a new trial.
2. The court's award of alimony, division of property and award of attorney's fees to appellee's attorney is grossly oppressive and unjust, against the overwhelming weight of the evidence and an abuse of discretion.
We will discuss these assignments of error in inverse order.

I.

WAS THE COURT'S AWARD OF ALIMONY, DIVISION OF JOINT PROPERTY AND AWARD OF ATTORNEY'S FEES GROSSLY OPPRESSIVE AND UNJUST, AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE, AND AN ABUSE OF THE CHANCELLOR'S DISCRETION?
It is well settled in this state that the determination of an amount of support or alimony in a divorce case is within the chancellor's sound discretion and such will not be disturbed unless the chancellor abused his discretion by awarding an amount of support or alimony which is against the overwhelming weight of the evidence. See Martin v. Martin, 271 So.2d 391 (Miss. 1972); Harrell v. Harrell, 231 So.2d 793 (Miss. 1970).
Among the items the chancellor must consider in determining the amount of support payable to a wife are "not only the reasonable needs of the wife but also the right of the husband `to lead as normal a life as reasonably possible with a decent standard of living'." Hopton v. Hopton, 342 So.2d 1298, 1300 (Miss. 1977), quoting Nichols v. Nichols, 254 So.2d 726, 727 (Miss. 1971).
On the facts of this record, the chancellor did not abuse his discretion on the amount of the awards granted. Mrs. *804 Massey, by the time of the divorce, was in poor health, had no assets or income of her own and was unable to get work because of her health. During the life of the marriage, Mrs. Massey had been employed and had helped to pay the expenses of herself and her husband. Mrs. Massey worked side by side with her husband on the farm, contributing with him to the well-being of both of the parties. Mr. Massey, who had few expenses, was left with a monthly income of approximately $500.00.
There is no merit to this assignment of error insofar as it attacks the amounts of support and attorney's fees awarded by the chancellor.
However, we do find the chancellor's decree defective in one particular. The decree directed the payment of attorney's fees directly to the attorney for Mrs. Massey rather than to Mrs. Massey for her use and benefit to be applied to attorney's fees. This is error. Parker v. Parker, 71 Miss. 164, 14 So. 459 (1893); Serio v. Serio, 231 Miss. 147, 94 So.2d 799 (1957).
On the authority of Serio, supra, we affirm the chancellor, but modify his decree here to make the attorney's fees payable to Martha E. Massey, for the use and benefit of her attorney, rather than directly to her attorney.

II.

DID THE TRIAL COURT ERR IN OVERRULING APPELLANT'S MOTION FOR A NEW TRIAL?
The case was heard before a master. At the conclusion of the trial, the master made, from the bench, an oral report of his findings. This report was transcribed in the form of a decree of divorce, signed by both attorneys, then submitted to the master and chancellor and signed by both.
After the decree was entered, Mr. Massey filed a motion for new trial setting forth four grounds:
1. That the case was tried before a master, Robert J. Kelly, during the regular September, 1983, term of court. There was no showing that the reference to the master in the case was based upon some exceptional condition requiring it.
2. That the master did not properly report upon this case as required by law, and as required by the Mississippi Rules of Civil Procedure.
3. That the master exceeded the authority granted in the order appointing him master entered on September 12, 1983, by the Chancery Court of DeSoto County, Mississippi.
4. That the master failed to comply with the authority granted in the order appointing him master on September 12, 1983, by the Chancery Court of DeSoto County, Mississippi.
Mississippi Code Annotated §§ 11-1-11 and 11-1-13 (1972) are the statutes which control the appointment of a special judge or chancellor. These statutes have not been affected by the adoption of the Mississippi Rules of Civil Procedure. In the past, loose language has been used which implies that these two statutes authorize the appointment of a master. That is incorrect. These two statutes are still valid and in full force and effect, and when utilized by a trial court serve to appoint special judges or special chancellors and not masters. Such is not the case here.
Rule 53, Mississippi Rules of Civil Procedure, governs and controls the appointment of masters, referees, and commissioners. This is the first time the interpretation of this rule has been before this Court.
The order appointing Robert J. Kelly to serve as master for the September, 1983, term of the Chancery Court of DeSoto County, reads as follows:
ORDER
The Court finds that it is in the interest of the orderly administration of the business of the Court, in the interest of the litigants and their witnesses and in the interest of the attorneys who practice in this Court for the Court to appoint a Master to aid the transaction of business before the Court.

*805 The Master is impowered to administer oaths, hear testimony and receive documentary proof and to make recommendations to the Chancellor of all business referred to the Master.
The Court appoints Honorable Robert J. Kelly, a member in good standing of the DeSoto County Bar, to serve as Master to aid in the transaction of business before the Court.
IT IS SO ORDERED (sic) this the 12th day of September, 1983.
 /s/ L.E. Hannaford, Sr.
 L.E. HANNAFORD, SR., CHANCELLOR
Rule 53(a) deals with the appointment and compensation of masters, and says that the court may appoint one or more persons in each county to be a master, and that the court in which any action is pending may appoint a special master.
Rule 53(b) sets forth the qualifications of a master and requires that he be an attorney at law authorized to practice before all the courts of the State of Mississippi. In special circumstances, persons other than attorneys may be appointed as masters.
Rule 53(c) points out that a reference to a master shall be the exception and not the rule and may only be made upon a showing that some exceptional condition requires it.
Rule 53(d) sets forth the powers of a master. Under this rule, the order of reference to a master may specify or limit his powers and may direct him to report only upon particular issues or to do and perform particular acts, or to receive and report evidence only, and may fix the time and place for beginning and closing the hearing, and for filing of the master's report. The Rule further states that, subject to the specifications and limitations stated in the order, the master has and shall exercise the power to regulate all proceedings in every hearing before him and to do all acts and take all measures necessary or proper for the efficient performance of his duties under the order.
Rule 53(e) provides the manner in which proceedings before a master will be held.
Rule 53(g) deals with the master's report. 53(g)(1) requires the master to prepare a report upon the matters submitted to him by the order of reference and he shall file that report with the clerk of the court. The clerk shall forthwith mail to all parties notice of the filing of the report. 53(g)(2) requires that the court accept the master's findings of fact unless they are manifestly wrong. The parties are given ten days after being served notice of the filing of the report to serve written objections to the report upon the other parties. The parties may also apply to the court for action upon the report and upon objections. The court, after hearing, may adopt the report or modify it or may reject it in whole or in part, or may receive further evidence or may recommit the report with instructions.
Rule 53(g)(3) states that the effect of a master's report is the same, regardless of whether the parties have consented to the reference; when the parties stipulate that a master's finding of fact shall be final, only questions of law arising upon the report shall thereafter be considered.
Mr. Massey complains of the appointment of the master and the failure of the chancellor to properly supply the reference. We point out that under Rule 53(a) the court was within its authority to appoint a master and under Rule 53(b) the master, as an attorney at law, authorized to practice before all courts of the State of Mississippi, was qualified. We further point out that appellant was aware of the order appointing the master to assist the court in the September, 1983, term and was aware that his case was set for trial before the master. He made no objection prior to proceeding before the master.
Mr. Massey complains that under Rule 53(c), reference to a master shall be the exception and not the rule, and may be made only upon a showing that some exceptional condition requires it. He argues that the order does not show some exceptional condition requiring it, and it is, therefore, defective. This is incorrect. While Rule 53(c) does require that an order of reference be made only upon a showing of *806 some exceptional condition requiring it, the rule does not require that the exceptional conditions be set out in the order. We concede that this would be the better practice, but Rule 53 does not require it. The reference to a master is discretionary with the trial judge and we will not assume that a trial judge of this state would issue an order of reference without some exceptional condition requiring it. Furthermore, as discussed below, the proper procedure to challenge an order of reference on the ground that there is no exceptional condition requiring it would be to object prior to proceeding before the master. Otherwise, it is waived.
Mr. Massey further argues that with this order it is impossible to know if Rule 53 has been complied with. This is also incorrect, since 53(d) does not require that the order specify or limit the powers of the master, but only provides that the order "may" do so; otherwise, the powers of the master are broad.
We further find that, even if the order of reference was faulty for any reason, those faults at this point would not be sufficient grounds to set aside the decree and order a new trial. This is true because the appointment and order of reference was in existence at the time of the trial of the cause and the appellant was aware of the order and had complete and full access to it. Appellant was well aware that his case was to be heard by the master and not the chancellor; nevertheless, he proceeded before the master without objection. Under these facts, the appellant has waived any objection he may have to the appointment or the order of reference.
Appellant further argues that Rule 53(g)(1) concerning the master's report was violated since no master's report was filed with the clerk of court and no notice of such filing was ever given to the parties. Rule 53(g)(1) was not literally followed. The obvious purpose of the rule is to allow the parties to object to the findings of the master pursuant to 53(g)(2). Instead of following the dictates of Rule 53(g)(1), however, the master announced his findings orally to both parties on September 16, 1983. A decree was then prepared conforming with those findings. After appellant's and appellee's attorneys inscribed their names upon the decree, it was submitted to the master and chancellor and signed by both. Therefore, the report is clearly of record and on file and is a part of the decree. By signing the decree and submitting it to the master after it had been submitted to him, appellant's attorney has waived any objection he may have concerning compliance by the master with Rule 53(g), Mississippi Rules of Civil Procedure. (For a general discussion of Rule 53, See 5A Moore's Federal Practice (2d Ed.), Ch. 53 (1984); Symposium of Mississippi Rules of Civil Procedure: Time, Evidence, Subpoenas and Masters, Referees and Commissioners, Rules 6, 43, 45 and 53. 52 Miss.Law Journal (1982).
Appellant cannot now be heard to complain of procedural irregularities in the appointment of the master, the conduct of the master, or the report of the master, when appellant has, without objection, taken full advantage of all the benefits that were to be derived by both the litigants and the attorneys of DeSoto County, Mississippi, in the September, 1983, term of the chancery court of that county, derived from the services of the master, Robert J. Kelly. He has waived his procedural objections.
Under the facts and circumstances of this case, we find that this assignment of error is without merit.
We caution attorneys, litigants and trial judges of this state to utilize Rule 53 in the future with great care. If it is the intent of the trial judge to appoint a special judge, then he should avail himself with specificity of Mississippi Code Annotated §§ 11-1-11 and 11-1-13. If, however, the trial judge wishes to appoint a master, referee or commissioner under Rule 53, then the trial judge should avail himself with great specificity of the provisions of Rule 53, Mississippi Rules of Civil Procedure. If the appointment is made under Rule 53, a master so appointed *807 should comply with great specificity with the requirements of that Rule.
Based upon the foregoing, the judgment of divorce in this case is affirmed as modified.
AFFIRMED AS MODIFIED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and ANDERSON, JJ., concur.