HAWKINS, Presiding Justice,
for the Court:
Charles M. Thornton appeals a decree of the chancery court of Jackson County approving a Master’s Report rendering judgment against him for delinquent child support payments. Because he was not afforded an opportunity to review the report and make objections prior to filing and approval by the chancellor, we reverse for compliance with Rule 53 of the Mississippi Rules of Civil Procedure.
FACTS
Charles and Tammie were married in Georgia on February 23, 1979. They had one child, Tiffany Lyn Thornton, born November 16, 1980.
Tammie was granted a divorce from Charles in Jackson County on the grounds of habitual cruel and inhuman treatment. The Judgment of Divorce was filed on May 17, 1983. Tammie was given custody of Tiffany, and Charles was ordered to pay $50 per week child support.
In October, 1983, Tammie and Tiffany moved to Pasadena, Texas, remaining there for four months when they had to move to Pensacola, Florida, to live with Tammie’s mother. In June, 1984, they returned to Pasadena where they lived until they again returned to Pensacola in June, 1986. At the time of the hearing, they were still residing in Pensacola.
According to Tammie, she received no child support from Charles after she moved from Pascagoula. Charles testified that he did not know where Tammie was and therefore could not send her any money. Tammie testified that she sent letters to Charles’ mother and called her several times so she could give Charles her new address. Charles said that he never received any of these messages and attempted to put his mother on the stand to testify that she never received any letters or phone calls from Tammie, but the Master would not allow her to testify. The Master stated, “I accept that that will be the testimony of the lady you are talking about.”
Tammie testified that her own mother operated a daycare center in Pensacola that Charles knew about, and could have gotten in touch with her. Charles admitted that he knew her mother operated a daycare center in Pensacola, but he did not know the address of the business.
Tiffany visited Charles in February of 1987. He testified that when Tammie came to pick her up that he asked her where they were living, and she told him that was none of his business. Tammie testified that she did give him her address.
The Master found that Charles did not diligently inquire into his ex-wife’s whereabouts in order to send her the child support. He found that she was entitled to a judgment of $12,350.
The Chancellor basically approved the Master’s finding. He awarded Tammie $11,890 which represented past due and unpaid child support. He ordered Charles to pay Tammie $61.50 a week. The amount constitutes $50.00 for continued child support and $11.50 would be credited to the arrearage award. A withholding order was entered to withhold these payments from Charles’ income.
*114 It is unclear why the Master’s award changed from $12,350 to $11,890. Charles did, however, introduce into evidence can-celled checks showing that he did make some payments after 1983, and he also paid $40 per week for child support the month prior to the hearing.
Since the divorce, Charles has remarried and has another child to support. His wife works, but Charles refused to reveal her income. He did, however, introduce a financial declaration of his income and expenses.
LAW
On appeal Charles assigns as error:
(1) that the judgment was invalid because it was signed and entered contrary to Rule 53 of the Mississippi Rules of Civil Procedure and to Uniform Chancery Court Rule 5.04; and
(2) that he was deprived of due process when he was not allowed to call his mother as a witness to rebut Tammie’s testimony.
Mississippi Rules of Civil Procedure 53(g) reads as follows:
(g) Report
(1) Contents and Filing. The master shall prepare a report upon the matters submitted to him by the order of reference and, if required to make findings of fact and conclusions of law, he shall set them forth in the report. He shall file the report with the clerk of the court and, unless otherwise directed by the order of reference, shall file with it a transcript of the proceeding and of the evidence in the original exhibits. The clerk shall forthwith mail to all parties notice of the filing. [emphasis added]
(2) Acceptance and Objections. The court shall accept the master’s findings of fact unless manifestly wrong. Within ten days after being served with notice of the filing of the report any party may serve written objections thereto upon the other parties. Application to the court for action upon the report and upon objections thereto shall be by motion and upon notice as provided by Rule 6(d). The court after hearing may adopt the report or modify it or may reject it in whole or in any part or may receive further evidence or may recommit it with instructions, [emphasis added\
(3) Stipulation as to Findings. The effect of a master’s report is the same regardless of whether the parties have consented to the reference; however, when the parties stipulate that a master’s finding of fact shall be final, only questions of law arising upon the report shall thereafter be considered.
(4) Draft Report. Before filing his report a master may submit a draft thereof to counsel for all parties for the purpose of receiving their suggestions.
Charles contends that the Rule was breached in the following ways:
1. The Master failed to prepare a report notwithstanding the mandatory language of M.R.C.P. 53(g)(1).
2. The Master failed to make a finding of fact and conclusion of law, nor did the parties stipulate to a finding of fact.
3. The Master did not file a transcript of the proceedings notwithstanding the mandatory language of 53(g)(1) to the contrary.
4. The Clerk did not mail a notice to the parties of the filing of the Judgment at bar, thus precluding the Defendant from making objections thereto in a timely manner.
5. The trial Court signed the Judgment at bar without the mandatory motion and hearing with notice as made and provided by 53(g)(2).
Furthermore, Charles complains that Uniform Chancery Court Rule 5.04 was violated. It provides:
In all litigated matters or causes, the solicitor who shall draw the decree shall submit the same to opposing counsel for criticism before presenting it to the Chancellor for his signature.
*115 The Appellant in Massey v. Massey, 475 So.2d 802 (Miss.1985) also complained that the requirements of Rule 53(g) had not been followed.
Appellant further argues Rule 53(g)(1) concerning the master’s report was violated since no master’s report was filed with the clerk of court and no notice of such filing was ever given to the parties. Rule 53(g)(1) was not literally followed. The obvious purpose of the rule is to allow the parties to object to the findings of the master pursuant to 53(g)(2). Instead of following the dictates of Rule 53(g)(1), however, the master announced his findings orally to both parties on September 16, 1983. A decree was then prepared conforming with those findings. After appellant’s and appellee’s attorneys inscribed their names upon the decree, it was submitted to the master and chancellor and signed by both. Therefore, the report is clearly of record and on file and is a part of the decree. By signing the decree and submitting it to the master after it had been submitted to him, appellant’s attorney has waived any objection he may have concerning compliance by the master with Rule 53(g), Mississippi Rules of Civil Procedure. [emphasis added]
Id. at 806.
In the case at hand, however, the decree submitted to the Chancellor was not signed by Charles’ attorney. In Massey, supra, this Court further held:
We caution attorneys, litigants and trial judges of this state to utilize Rule 53 in the future with great care. If ... the trial judge wishes to appoint a master, referee or commissioner under Rule 53, then the trial judge should avail himself with great specificity of the provision of Rule 53, Mississippi Rules of Civil Procedure. If the appointment is made under Rule 53, a master so appointed should comply with great specificity with the requirements of that Rule, [emphasis added]
Id. at 806-807.
By not allowing Charles to review the decree, his objections to the Master’s failure to comply with Rule 53 have not been waived. Thus, this case must be reversed and remanded to the lower court for compliance with Rule 53(g).
As to the remaining assignment, it appears that the Master accepted that Charles’s mother would have testified that she never received any letters or telephone calls from Tammie. He nevertheless found this made no difference, because the record showed Charles failed to make a diligent effort to comply with his child support obligation. Charles’s assignment of error on appeal that the Master erred in refusing to permit his mother to testify is therefore misplaced. The real issue is whether, accepting this proffered testimony as true, this made any difference. The Master held that it did not, and we agree. Other than his general statements, the record does not show any specific efforts made by Charles to locate his child. Moreover, had he been genuinely interested in providing child support or relief from his obligation, he could have applied to the chancery court. We find- no merit in this assignment.
REVERSED AND REMANDED TO THE CHANCERY COURT TO COMPLY WITH RULE 53(g) M.R.C.P.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.