736 So.2d 471 (1999)
Kenneth SETTLEMIRES, Appellant,
v.
Lee JONES, Appellee.
No. 98-CA-00374-COA.
Court of Appeals of Mississippi.
April 6, 1999.
*472 Gregory D. Keenum, Booneville, Attorney for Appellant.
Appellee, pro se.
BEFORE BRIDGES, C.J., COLEMAN, AND IRVING, JJ.
BRIDGES, C.J., for the Court:
¶ 1. This breach of implied warranty of merchantability action was initiated by Lee Jones against Kenneth Settlemires d/b/a Settlemires Used Cars and Parts in the Justice Court of Alcorn County on August 8, 1997, after Settlemires refused to repair or replace a defective rebuilt transmission purchased by Jones. On September 24, 1997, the justice court entered judgment in favor of Jones, awarding damages in the amount of $579. Settlemires appealed to the Circuit Court of Alcorn County pursuant to Miss.Code Ann. § 11-51-85 (Supp.1998). The case was tried before the circuit judge, sitting without a jury, on November 20, 1997. At the conclusion of all the evidence, the judge entered judgment in favor of Jones and awarded judgment against Settlemires in the sum of $579, together with all costs and interest at the lawful rate from October 20, 1997. Settlemires perfected this appeal following the circuit court's denial of his motion to reconsider the judgment or, in the alternative, to reduce the judgment.
¶ 2. Although a certified true copy of Settlemires's brief was sent to Jones on July 23, 1998, Jones failed to file a brief in response to the appeal. The Mississippi Supreme Court has previously stated that an appellee's failure to file a brief on appeal "is tantamount to confession" of the errors alleged by the appellant. Muhammad v. Muhammad, 622 So.2d 1239, 1242 (Miss.1993) (citations omitted). However, *473 automatic reversal is not required if this Court can say with confidence that the case should be affirmed. Id. After considering the record and brief of Settlemires, we affirm.
¶ 3. Procedurally, this matter comes before the Court on a denial of a motion to reconsider under M.R.C.P. 59.
Under M.R.C.P. 59, a new trial may be granted by the trial judge. It may be granted in a number of circumstances, such as when the verdict is against the overwhelming weight of the evidence, for faulty jury instructions, or when the jury verdict is a result of bias, passion, and prejudice. This Court will reverse a trial judge's denial of a request for new trial only when such denial amounts to an abuse of that judge's discretion.
Daniels v. Wal-Mart Stores, Inc., 634 So.2d 88, 94 (Miss.1993) (citing Bobby Kitchens v. Mississippi Ins. Guar. Ass'n, 560 So.2d 129, 132 (Miss.1989)). Having closely reviewed the record before us, we conclude that the trial judge acted well within his discretion when he denied Settlemires's motion to reconsider the judgment or, in the alternative, to reduce the damages awarded.
¶ 4. The assignments of error enumerated by Settlemires challenge the sufficiency and weight of the credible evidence. Specifically, Settlemires alleges (1) Jones failed to present credible evidence that the transmission was defective when sold by Settlemires, (2) Jones waived his right to a remedy under the statutorily imposed implied warranty of merchantability by improperly installing the transmission, and (3) the testimony of Robert Rogers was not given proper weight.
¶ 5. Where, as here, a trial judge makes his determination based on conflicting testimony, appellate review is limited to whether the lower court's findings are supported by substantial, credible evidence. Merchants & Planters Bank of Raymond v. Williamson, 691 So.2d 398, 402 (Miss.1997). If the judgment is so supported, we defer to the conclusions of the fact finder. Weathersby v. Weathersby, 693 So.2d 1348, 1353 (Miss.1997). "The question is not how we would have resolved the evidentiary and ultimate fact disputes had we been the trier of fact, but whether, given the record, a reasonable fact-finder may have done as was done." One Hundred Seven Thousand Dollars v. State, ex rel. Harrison County Sheriff's Dep't, 643 So.2d 917, 920 (Miss.1994) (citing Hickman v. State, ex rel. Mississippi Dep't of Public Safety, 592 So.2d 44, 46 (Miss.1991)). Our review thus focuses upon whether the record contains evidence sufficient to allow a reasonable trier of fact to conclude as the trial court did. Molnar v. Ebasco Constructors, Inc., 986 F.2d 115, 118 (5th Cir.1993). With this standard in mind, we review Settlemires's assigned errors challenging the sufficiency and weight of the evidence.
¶ 6. The implied warranty of merchantability is found in Miss.Code Ann. § 75-2-314(1) (Supp.1998) which provides in pertinent part:
(1) [A] warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind....
(2) Goods to be merchantable must be at least such as ...
(c) Are fit for the ordinary purposes for which such goods are used.
¶ 7. Jones initially had the burden of making a prima facie case of breach of implied warranty by presenting credible evidence that the transmission was unmerchantable, i.e., that the transmission did not change gears; that the defect(s) existed at the time the product left Settlemires's control; and that Settlemires was given a reasonable opportunity to correct the defect(s). Hargett v. Midas Int'l Corp., 508 So.2d 663, 665 (Miss.1987); North River Homes, Inc. v. Bosarge, 594 So.2d 1153, 1160 (Miss.1992). In Beck Enterprises, Inc. v. Hester, 512 So.2d 672, 675 *474 (Miss.1987), the supreme court held § 75-2-314 applies to both new and used goods, although used goods are reasonably expected to require more maintenance and repair. If the used goods conform to the quality of other similar used goods, they will normally be merchantable. Id.
¶ 8. It is undisputed that Jones purchased the rebuilt transmission on July 21, 1997, from Kenneth Settlemires d/b/a Settlemires Used Cars and Parts, a merchant as contemplated by the statute. The five-speed transmission was delivered to Jones at Settlemires's home after Jones got off work that evening. Jones testified he received no receipt for the transmission.
¶ 9. Jones testified the transmission was installed into his 1990 Ford Mustang GT the following Saturday, July 26, by his friend, Walter Lawson, a shade tree mechanic. After installation, Jones attempted to back the car out of his driveway, but the transmission would not enter reverse. Jones and Lawson pushed the car into the street. Upon driving the car less than half a mile, Jones discovered the transmission would not go into second or fourth gear. Certainly, the transmission should enter each gear to conform with other similar rebuilt five-speed transmissions.
¶ 10. Gail Jones, Lee Jones's mother, returned the transmission to Settlemires for repair or replacement on Monday, July 28, the first day Settlemires was open for business following the discovery of the defect while her son was at work. According to Gail Jones, Settlemires only looked at the transmission and accused Lee Jones of "hot rodding" the transmission. The transmission was repaired, and Jones retrieved it from Settlemires on Friday, August 1. The transmission was installed the following day. A test drive by Jones revealed the transmission would not enter second gear or reverse. Once again Jones looked to Settlemires to either repair or replace the transmission or to refund the purchase price. Settlemires refused.
¶ 11. We find Jones made out a prima facie case of breach of implied warranty of merchantability.
¶ 12. In his defense, Settlemires testified that the transmission was in good condition when he sold it to Jones. Settlemires introduced into evidence a receipt used in the normal course of his business declaring the warranty in bold lettering:

ALL ENGINES MUST BE INSTALLED OR WARRANTY IS VOID. IF ENGINE IS NO GOOD, IT WILL BE EXCHANGED FOR ANOTHER ENGINE. NO REFUND OF MONEY. WE ARE NOT RESPONSIBLE FOR LABOR ON DEFECTIVE PARTS!
¶ 13. Settlemires stated a similar receipt was given to Jones at the time of purchase indicating that the transmission was guaranteed to function properly for one day, one trip down the road. According to Settlemires, the warranty gave a purchaser of a rebuilt transmission one day from the date of purchase to install the transmission and one trip down the road to detect any malfunction. However, any defect in the transmission caused by the purchaser would not be covered by the warranty. Under Miss.Code Ann. §§ 11-7-18 and 75-2-719(4) (Supp.1998), an implied warranty of merchantability may not be waived or disclaimed. Gast v. Rogers-Dingus Chevrolet, 585 So.2d 725, 728 (Miss.1991).
¶ 14. Settlemires testified Jones's failure to follow Settlemires's instructions to replace the pilot bearing before installing the rebuilt transmission caused the transmission to malfunction. Jones testified Settlemires suggested Jones check the pilot bearing for any wear before installing the transmission. A pilot bearing is a device securing the transmission shaft to the car's engine or flywheel. Jones and Lawson determined the bearing did not require replacement in that the five-speed transmission was replacing a four-speed transmission.
*475 ¶ 15. Settlemires inspected the transmission when it was returned by Gail Jones. According to Settlemires, gears fell from the transmission and fluid ran out when he stood the transmission on one end. Despite his position that the malfunction of the transmission was caused by Jones subsequently to the time of purchase, Settlemires returned the transmission to his supplier of rebuilt transmissions, Petey Rutherford, for repair.
¶ 16. Testifying on Settlemires's behalf was Robert Rogers, a mechanic with over twenty years' experience in rebuilding and repairing Ford Mustangs. Based on his experience, Rogers explained that a bearing in the back of the crankshaft may have to be changed if a four-speed transmission was replaced with a heavier duty five-speed transmission. Contrary to Settle-mires's testimony that the transmission would be destroyed within five minutes of driving, Rogers stated the Mustang would have to be driven farther than a half a mile with the front shaft flopping up and down to cause damage to the gears in the transmission. Rogers testified Jones's failure to replace the bearing could be a factor in the transmission's problems.
¶ 17. Whether the transmission was merchantable at the time of purchase, whether Settlemires instructed or suggested that the pilot bearing be replaced, and what effect, if any, a worn pilot bearing may have had on the transmission were questions of fact to be resolved by the trial judge. Conflicting testimony in the record is to be resolved by the trier of fact. "It is enough to say that the [trial judge sitting without a jury], and not the reviewing court, judges the credibility of the witnesses as well as the weight and worth of their conflicting testimony." Burrell v. State, 613 So.2d 1186, 1192 (Miss.1993). The trial judge's conclusions will not be disturbed on appeal where there is substantial supporting evidence in the record, even if we might have found otherwise as an original matter. Murphy v. Murphy, 631 So.2d 812, 815 (Miss.1994).
¶ 18. In the case sub judice, there was ample credible evidence to support the trial judge's conclusion that Settlemires breached the implied warranty of merchantability. We are not convinced the trial judge abused his discretion by denying Settlemires's motion to reconsider. The trial court's judgment is affirmed.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF ALCORN COUNTY IS AFFIRMED. STATUTORY DAMAGES AND INTEREST ARE AWARDED. COSTS ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.