KING, P.J.,
for the Court:
¶ 1. Frank Peters has appealed a judgment by the Chancery Court of Marshall County, Mississippi which ordered that he pay to his former wife, Belinda Peters Ridgely, one-half of the unpaid medical bills incurred in treatment of their two minor children. The chancellor also modified the former decree to allow Mrs. Belinda Peters Ridgely to claim the two children as dependents on her income tax returns. The three assignments of error raised by Mr. Peters, as taken verbatim from his brief, are:
I. Whether the Chancellor was manifestly wrong in requiring Mr. Frank Peters to pay medical bills that Ms. Belinda Peters Ridgely failed to timely submit to Mr. Peters? And, in the alternative, whether the Court erred in requiring Mr. Peters to repay the entire amount of $6,296.57 on or before January 15, 2000?
II. Whether Chancellor was manifestly wrong in modifying the Judgment of Divorce by taking away Mr. Peter’s Federal Income Tax Dependency Exemption for both of the minor children of the parties and giving the tax exemption to Ms. Belinda Peters Ridgely, when there was no material change of circumstances that would justify such a modification?
III. In the alternative whether Chancellor was manifestly wrong in *1022 modifying the judgment of Divorce by taking away Mr. Peter’s Federal Income Tax Dependency Exemption for both the minor children and giving the tax exemption to Ms. Belinda Peters Ridgely, when her pleadings only asked that she be allowed to claim ONE of the minor children as a dependent for State and Federal income tax purposes?
¶ 2. Finding no reversible error, this Court affirms.
FACTS
¶ 3. The Peterses were granted a divorce on the ground of irreconcilable differences by the Chancery Court of Marshall County, Mississippi on May 8, 1996. Mrs. Peters was awarded custody of the parties’ two minor children, and Mr. Peters was awarded visitation. Mr. Peters was ordered to pay $240 per month as support for the parties’ minor children and was given the Federal Income Tax Dependency Exemption for the minor children. Mr. Peters was also ordered to provide medical insurance for the minor children, and to provide proof of coverage by way of an insurance card to Mrs. Peters. The court ordered that Mrs. Peters pay all medical bills for the children, not covered by insurance, and that Mr. Peters reimburse her one-half of these bills within thirty days after they were submitted to him.
¶4. On August 18, 1997, Mr. Peters brought a contempt action against Mrs. Ridgely for wrongfully claiming the minor children under the Federal Income Tax Dependency Exemption on her 1996 taxes. On September 9, 1997, an agreed order was entered which found both parties in contempt of court, ordered Mr. Peters to maintain health insurance on the minor children and to furnish Mrs. Ridgely with a current insurance card. Mr. Peters was also ordered to pay her $240 per month as child support for the two minor children. The court reaffirmed Mr. Peters’s right to claim the minor children on his income tax returns. This matter was set for review on December 8, 1997, but was continued until December 10,1997.
¶ 6. At an informal hearing on December 10, 1997, Mrs. Ridgely advised the court Mr. Peters had not provided her with an insurance card for the children, and had not made child support payments in a timely manner. At this hearing, the trial court verified by telephone that insurance for the minor children was being provided through Mr. Peters’s current wife, Mrs. Linda Peters. Subsequently, it was determined that the current wife carried insurance for only one month on the minor children.
¶ 6. The court also determined that Mr. Peters was making child support payments to the Marshall County Department of Human Services office. The court ordered him to pay in a timely manner the appropriate amount as previously ordered. Additionally, the court ordered the parties to conduct themselves as follows:
To cooperate with each other in working out any future problems that may arise, including, but not limited to insurance on the children, child support, or visitation. Should the parties reach an impasse regarding these issues, then upon the proper pleadings being filed, they may each bring said matters back before this Court for hearing.
¶ 7. On December 10, 1998, Mrs. Ridgely filed her complaint for contempt and modification and charged Mr. Peters with violating the prior decrees of the court by failing to pay one-half of all medical expenses not covered by insurance, failing to maintain a health insurance policy on the minor children, and failing to pay child support in a timely manner.
*1023 ¶ 8. Mrs. Ridgely advised the court that a material change in circumstances had occurred since the prior decree of the court, and requested that it be modified to allow her to claim one of the children as a dependent for state and federal income tax purposes. Mrs. Ridgely also asked the court to require Mr. Peters to pay additional child support, pay the medical insurance premium on the insurance which she had acquired for the minor children, pay reasonable attorney’s fees, all other costs, and other relief deemed proper by the court.
¶ 9. Mr. Peters filed a response and also sought modification of the prior decree. On November 12, 1999, the chancellor ordered Mr. Peters to pay $6,786.57, which represented $6,296.57 in unpaid medical bills and unpaid health insurance, and $490 in unpaid child support. The $6,296.57 was to be paid on or before January 15, 2000. Mr. Peters was also ordered to pay Mrs. Ridgely $1,000 for attorney’s fees by November 15, 1999. The former decree was modified to allow Mrs. Ridgely to declare the two minor children as defendant on her state and federal income tax returns as of 1999.
¶ 10. Mr. Peters was ordered to pay $200 by the 15th of each month for medical insurance on the children beginning October 15, 1999. This amount would be abated if medical insurance was secured. Mrs. Ridgely was ordered to forward to Mr. Peters all medical bills that he would be required to pay within seven days upon receipt.
ISSUES AND ANALYSIS
I.
Whether the chancellor was manifestly wrong in requiring Mr. Frank Peters to pay medical bills that Mrs. Belinda Peters Ridgely failed to timely submit to Mr. Peters? And, in the alternative, whether the court erred in requiring Mr. Peters to repay the entire amount of $6,296.57 on or before January 15, 2000.
¶ 11. Mr. Peters claims that the medical bills were not timely submitted to him, and therefore the chancellor was wrong to require payment of these bills. Mr. Peters contends that on December 6, 1998, he received, for the first time, an envelope which contained numerous unpaid medical bills. Within days of receiving these bills, Mr. Peters claims to have been served with notice of a contempt action arising from the non-payment of these bills.
¶ 12. There was testimony from Mrs. Ridgely, and her witness, Zula Mae Gossett, that the medical bills had been timely presented to Mr. Peters. The chancellor was the finder of fact. As finder of fact, it was his function to resolve matters of credibility, Murphy v. Murphy, 631 So.2d 812, 815 (Miss.1994). Where the record provides substantial evidence to support his findings, this Court must defer to and accept his findings. Tice v. Shamrock GMS Corp., 735 So.2d 443 (¶ 3) (Miss.1999). The chancellor accepted as more credible the testimony of Mrs. Ridgely and her witness. That testimony provides substantial evidence to support the chancellor’s decision; accordingly, this Court does not find him to have committed manifest error.
¶ 13. Mr. Peters next contends that should the chancellor have acted properly in directing payment of the medical bills, he should not have been required to pay the entire amount by January 15, 2000. Mr. Peters offers no defense to payment of the medical bills, except they were not timely submitted to him. That defense was not accepted by the chancellor.
*1024 ¶ 14. Nor has Mr. Peters established an inability to make the mandated medical payments. The record would appear to suggest a lack of candor by Mr. Peters. He advised the chancellor of self-employment income of approximately $5,000 per year. However, he also acknowledged the purchase of a new vehicle at a cost of $32,000, with a monthly note of $539, furniture at a cost of approximately $1,200, a loan on a Jeep for $2,806, a loan on a Pontiac Bonneville for $5,128, and a monthly note of $706 for attorney’s fees. The court determined that Mr. Peters’s ability to pay on these items, where the total exceeds his annual income, suggested that he should be capable of paying the amount ordered by the court.
¶ 15. The chancellor, after consideration of these facts, found that Mr. Peters had the ability to pay and ordered him to do so. This Court does not substitute its judgment for that of the trial court, Hulse v. Hulse, 724 So.2d 918 (¶ 7) (Miss.Ct.App.1998), and defers to the findings of the trial court when supported by substantial evidence. Settlemires v. Jones, 736 So.2d 471 (¶ 5) (Miss.Ct.App.1999).
II.
Whether Chancellor was manifestly wrong in modifying the Judgment of Divorce by taking away Mr. Peter’s Federal Income Tax Dependency Exemption for both of the minor children of the parties and giving the tax exemption to Ms. Belinda Peters Ridgely, when there was no material change of circumstances that would justify such a modification.
¶ 16. Mrs. Ridgely asked the court to allow her to claim the income tax deduction for one of the minor children. She made this request because of a material change in circumstances in her financial situation, due to Mr. Peters’s failure to pay medical insurance and past due child support. The court modified the divorce decree and gave Mrs. Ridgely the tax exemption on both the minor children.
¶ 17. Mr. Peters argues that Mrs. Ridgely does not have any material change in circumstances which should allow her to receive the federal income tax dependency exemption on the minor children. He alleges that the court erroneously ruled that since he allowed his present wife, Mrs. Linda Peters to claim his children on her income tax return, that the tax deductions on the minor children should be given to Mrs. Ridgely.
¶ 18. Shipley v. Ferguson, 638 So.2d 1295, 1298 (Miss.1994) provides that there must have been a material or substantial change in the circumstances of the parties to justify modification of a divorce decree. The material or substantial change must be from circumstances of the parties arising after the original decree. Morris v. Morris, 541 So.2d 1040, 1042-43 (Miss.1989). See also, Miss.Code Ann. § 93-5-23 (Rev.1994).
¶ 19. The record reveals that the children were diagnosed with asthma in 1997. One of the children was also diagnosed with attention deficit hyperactivity disorder. As a result of these medical conditions and the treatments that followed, Mrs. Ridgely had experienced a significant and unexpected increase in medical expenses for the minor children and was forced to purchase medical insurance for the children herself, when Mr. Peters failed to maintain a health insurance policy. The record contains substantial credible evidence of this failure.
¶ 20. Because there existed substantial evidence of a material change in circumstances, precipitated in no small manner by Mr. Peters’s failure to timely pay child support, provide medical insurance, and *1025 pay a proportionate share of uninsured medical care, coupled with his questionable use of the Federal Income Tax Dependency Exemption, this Court does not find the trial court abused its discretion in ordering this modification.
III.
Whether the Chancellor was manifestly wrong in modifying the judgment of Divorce by taking away Mr. Peter’s Federal Income Tax Dependency Exemption for both the minor children and giving the tax exemption to Ms. Belinda Peters Ridgely, when her pleadings only asked that she be allowed to claim ONE of the minor children as a dependent for State and Federal income tax purposes.
¶ 21. Mr. Peters asks this Court to find error with the award of the income tax deduction on both children to Mrs. Ridgely, where the pleadings only requested one. The trial court found that Mr. Peters had abused the dependent deduction in a manner, which was violative of Internal Revenue Service regulations. The court found that this violation of Internal Revenue Service regulations, and the failure of Mr. Peters to provide timely financial support, insurance and medical expenses, justified changing the exemption for both children to Mrs. Ridgely.
¶ 22. Accordingly, the court was not manifestly wrong in modifying the prior judgment to allow Mrs. Ridgely to obtain the tax dependency exemption for both of the minor children.
¶ 23. THE JUDGMENT OF THE CHANCERY COURT OF MARSHALL COUNTY IS AFFIRMED. STATUTORY DAMAGES AND INTEREST ARE AWARDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., PAYNE, THOMAS, LEE, MYERS and CHANDLER, JJ., concur. BRIDGES, J., dissents with separate written opinion joined by SOUTHWICK, P.J., and IRVING, J.