¶ 40. I respectfully dissent. This Court has reviewed the facts of this case once before. Flechas v. Flechas, 724 So.2d 948 (Miss.Ct.App. 1998). The case was then reversed and remanded to the chancellor for findings of fact and conclusions of law to support his ruling. Id. at 954 (¶ 18). The majority now finds that the chancellor erred in his interpretation of Mrs. Flechas's testimony that both she and the husband intended to keep their assets and investments separated so that they could give them to their children. The chancellor found this testimony to indicate that the parties agreed from the outset to keep all of their assets separate. However, the majority now concludes, citing Mrs. Flechas's brief, that this agreement was intended to apply only to pre-marital assets and not to the income of the parties during marriage.
¶ 41. We are "not called upon or permitted to substitute [our] collective judgment for that of the chancellor." Parsons v. Parsons,741 So.2d 302, 306 (¶ 21) (Miss.Ct.App. 1999) (citing Richardson v.Riley, 355 So.2d 667, 668-69 (Miss. 1978)). Rather, we defer to the findings of the trial court when those findings are supported by substantial, credible evidence. Settlemires v. Jones, 736 So.2d 471, 473 (¶ 5) (Miss.Ct.App. 1999). The chancellor in this matter was in the better position to make a decision as to what the parties had agreed upon and to distribute their assets accordingly. His judgment was reasonably based upon substantial evidence presented to him, and it is not within the purview of this Court to reverse that judgment due to a difference of opinion as to what agreement actually existed. The chancellor adequately fulfilled the duties placed upon him by this Court's previous judgment. Reversal is not warranted where we simply disagree with his factual findings. Parsons, 741 So.2d at 306.
¶ 42. I also take issue with the majority's decision to modify the lump sum alimony award. The majority cites Cheatham v. Cheatham,537 So.2d 435, 438 (Miss. 1998), in stating that the most important factor to consider when awarding lump sum alimony is the disparity of the parties' assets. However, the cases mentioned by the Cheatham court in support of this assertion all presented very different circumstances than those now before the court:
 In Tutor, Mrs. Tutor apparently had no substantial assets other than Mr. Tutor's coin collection and a $20,000 insurance policy. Mr. Tutor, on the other hand, had total assets of between $900,000 and $1.4 million. The Court in Tutor increased the lump sum alimony award on appeal to $150,000.
 In Schilling, Mr. Schilling had an estate with a net worth of not less than $750,000, compared with Mrs. Schilling who had no real assets of her own and *Page 307 
whose income did not meet her expenses. A lump sum award of $240,000 was affirmed in this Court.
 In Jenkins, the Court reversed and remanded an inadequate award of lump sum alimony in light of the husband's admitted $800,000 net worth acquired during the marriage and the wife's lack of any appreciable assets other than a one-half interest in the marital residence.
 In Reeves v. Reeves, 410 So.2d 1300 (Miss. 1982), this Court held that an award of 10% of the husband's net worth would not be inappropriate where the husband's net worth was over $1 million and the wife had no apparent assets other than a one-half interest in the marital residence and some certificates of deposits totaling about $10,000. At the time of trial Mrs. Reeves had no job, though she had professional training and could find adequate employment. Mrs. Reeves worked solely for her husband only for short periods during the marriage, but contributed capital to Mr. Reeves' real estate ventures.
 In Clark v. Clark, 293 So.2d 447 (Miss. 1974), Mrs. Clark worked solely for her husband for approximately eleven of the couple's twelve years of marriage. The wife had no apparent assets and the Court reversed for a determination of a fair amount of lump sum alimony to allow her to share in the jointly-accumulated assets which apparently totaled somewhere around $164,000.
Cheatham, 537 So.2d at 438-39.
¶ 43. Each of these cases dealt with situations in which one party was to be left in dire straits while the other enjoyed substantial worth. The Cheatham court also cited Skinner v. Skinner, 509 So.2d 867, 869 (Miss. 1987), in which the Mississippi Supreme Court "affirmed a lump sum alimony award of $75,000 where the husband's net worth was well over $700,000 and the wife's net worth was approximately $40,000, that being her one-half interest in the family residence. The couple had been married 27 years." Cheatham, 537 So.2d at 439. The disparity between the separate estates of the parties in this case, as set forth in the majority opinion, is not sufficient in and of itself to warrant reversal of the chancellor's lump sum award.
¶ 44. Further problems arise from the majority's substitution of its own lump sum dollar amount for that given by the chancellor. A careful reading of the cases cited by the majority as authority for such an action reveals critical distinctions between each of those cases and the matter now before us. In two of these cases, the appellate court reversed and rendered as to the lump sum amount but affirmed on all other issues. Tutor v. Tutor, 494 So.2d 362, 365 (Miss. 1986); Gresham v.Gresham, 198 Miss. 43, 48, 21 So.2d 414, 416 (1945). In contrast, we are today sending this matter back to the chancellor "with instructions to award the wife an equitable share of the income and property derived during the period of the marriage." Where the courts in Tutor andGresham opted to render a dollar amount in lieu of remanding those cases back to their respective lower courts, the majority here seeks to substitute its judgment for that of the lower court on one issue, thus ensuring an "appropriate amount of lump sum alimony," while sending the case back to the lower court for yet one more opportunity to render a suitable outcome on the issue of equitable distribution.
¶ 45. The other case mentioned by the majority on this issue isCleveland v. Cleveland, 600 So.2d 193 (Miss. 1992). However, in that case, the court rendered judgment as to periodic alimony rather than lump sum alimony. Id. at 197. Also, the dollar amount given by the appellate *Page 308 
court was to remain in place "until further order of the chancery court."Id. The Cleveland court indicated that the award given by the lower court was not adequate to sustain the wife. Id. Thus it seems that the award in that matter was both remedial and temporary in nature.
¶ 46. This Court has spoken on these issues once before, and the lower court followed the directives that it was given. For these reasons, I would affirm the lower court on both issues.
BRIDGES, THOMAS, AND CHANDLER, JJ., JOIN THIS OPINION.