Doris Colvin appeals the decision of the Chancery Court of Monroe County denying her request for modification of the divorce decree entered between the parties in March, 1982.
Doris and James Colvin were married March 11, 1950, and lived together until April, 1981, when James Colvin filed for divorce on the grounds of irreconcilable differences. The parties entered into a separation agreement which was incorporated into the final decree of divorce in March, 1982. In this agreement Doris Colvin agreed to release James Colvin from any claims for alimony, support and maintenance for herself.
On May 28, 1982, Doris Colvin filed a complaint to modify the former decree. She alleges that a change in the law since the time of the original decree permits divorce courts to divide military retirement pay as marital property. It was stipulated that the income and living expenses of the parties had not substantially changed since the time of the original decree. Mrs. Colvin requested the court to grant her half of Mr. Colvin's military retirement pay as alimony. The court sustained Mr. Colvin's motion for summary judgment.
In McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981) the United States Supreme Court held that military retirement pay was not community property subject to division on dissolution of a marriage. In 1982 Congress enacted the Uniformed Services Former Spouses' Protection Act, 10 U.S.C. § 1408, to overrule the decision in McCarty.
The Act, which took effect on February 1, 1983, provides in Section (c)(1):
 Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 21, 1981 [the date of the McCarty decision], either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.
The effect of the Act is to allow state courts to reconsider divorce settlements made under the McCarty decision and to deal with military pensions as the state court sees fit. The Act permits direct government payments to former spouses *Page 841 
up to fifty percent (50%) of disposable retirement pay.
The law in Mississippi remains unchanged regarding the authority of the court to alter, change or modify a former divorce decree. To justify a change or modification of an original decree for divorce, there must be a material change in circumstance of the parties arising after the original decree.Bracey v. Bracey, 408 So.2d 1387 (Miss. 1982); Savell v.Savell, 290 So.2d 621 (Miss. 1974). See Miss. Code Ann. §93-5-23 (1972). This rule of law has not been changed byMcCarty or the Uniformed Services Former Spouse Protection Act. Chancellors are not under any obligation to equally divide the property of divorcing parties, because Mississippi is not a community property state. Rives v. Rives, 416 So.2d 653 (Miss. 1982).
McCarty, even during its short life, did not preclude a state court from considering the amount of military retirement pension in determining whether alimony should be awarded to the other party.
Even though the Colvin's divorce was granted after theMcCarty decision and prior to the Uniformed Services Former Spouses' Protection Act and could have been reconsidered under the provisions of the Act, the lower court was correct in granting Mr. Colvin's motion for summary judgment in the absence of a showing of a material change of circumstances.
In the original divorce proceedings the question of division of military retirement pay never arose. The parties did not litigate but rather entered into their own settlement agreement. By entering into a settlement which was incorporated into the final decree, the question of alimony was settled. Had either party chosen to contest the divorce, the court upon finding grounds for divorce could have considered the military retirement pension of Mr. Colvin in determining whether he should pay Mrs. Colvin alimony. The law as it existed at the time did not preclude Mrs. Colvin from seeking alimony and having it enforced under the contempt power of the court. The McCarty case would not have prevented an award of alimony from being enforced against Mr. Colvin.
Mrs. Colvin voluntarily entered into a settlement agreement in which she specifically released Mr. Colvin from a claim for alimony. Because she has shown no material change in the circumstances of the parties, the decision of the lower court will be affirmed.
AFFIRMED.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.