557 So.2d 793 (1990)
Norvell L. BOWE
v.
Leona M. Crawford BOWE.
No. 07-CA-58921.
Supreme Court of Mississippi.
February 21, 1990.
Robert W. Gambrell, Gambrell & Associates, Biloxi, for appellant.
Thomas Wright Teel, Sekul Hornsby Teel & Tisdale, Biloxi, for appellee.
Before HAWKINS, P.J., and ROBERTSON and ANDERSON, JJ.
ROBERTSON, Justice, for the Court:
Leona Crawford Bowe sues for a share of her former husband's military retirement *794 pension which he began receiving upon his retirement from the United States Air Force in August, 1986. Standing in the way is the question whether the 1980 judgment declaring the parties divorced awarded any permanent alimony such that it is susceptible of modification upon a showing of a material change of circumstances.
The 1980 judgment provides in relevant part:
That the Defendant [Norvell Lee Bowe] should be required to pay to Petitioner [Leona Crawford Bowe] the sum of $5,000.00, the sum of which shall be paid in monthly installments of $200.00 per month, the first of said installments to become due and payable on the first day of May 1980 and on the first day of each and every month thereafter until the said indebtedness has been paid in full.
The parties agree that Norvell has finally discharged this obligation.
The Chancery Court of Jackson County, Mississippi, construed the rights vested in Leona by this provision "as periodic alimony payable to the wife" and thereafter increased Norvell's obligation by ordering payment to Leona of twenty-nine percent of Norvell's military retirement pension. Conspicuous by its absence is any finding of a material change of circumstances since the judgment of divorce. We reverse.
We begin with the principles of res judicata which command that a final judgment preclude thereafter all claims that were or reasonably may have been brought in the original action.[1]Defoe v. Great Southern National Bank, N.A., 547 So.2d 786, 788 (Miss. 1989); Riley v. Moreland, 537 So.2d 1348, 1354 (Miss. 1989). Those principles apply in divorce actions as in others. Bias v. Bias, 493 So.2d 342, 345 (Miss. 1986). The familiar rule that a judgment for alimony, custody or support may be modified only upon a showing of a postjudgment material change of circumstances is a recognition of the force of res judicata in divorce actions. Tedford v. Dempsey, 437 So.2d 410, 417 (Miss. 1983); Brocato v. Walker, 220 So.2d 340, 343 (Miss. 1969).
Our law vests in the chancery courts of this state broad authority to provide for the material needs of spouses incident to divorce. Over the years our cases have recognized several general forms of aid including, but not limited to: (a) periodic alimony, sometimes called permanent or continuing alimony; (b) lump sum alimony or alimony in gross; (c) division of jointly accumulated property; and (d) award of equitable interest in property. There are no clear lines of demarcation between these, nor should there be, and our courts have long been authorized in their sound discretion to use one or several or all in combination. See, e.g., Jones v. Jones, 532 So.2d 574, 579-80 (Miss. 1988); McNally v. McNally, 516 So.2d 499, 503 (Miss. 1987); Skinner v. Skinner, 509 So.2d 867, 868-89 (Miss. 1987); Tutor v. Tutor, 494 So.2d 362, 364-65 (Miss. 1986).
Notwithstanding, we have encountered difficulties over the years in the occasional failure of chancery courts to make clear whether their judgments are providing for alimony which is modifiable or terminable upon certain conditions, on the one hand, or for alimony which is vested and final, on the other. We are told this case presents similar difficulties. The point is of importance, for if the 1980 judgment awards no alimony of the former variety, Leona's action fails ab initio.
What is commonly referred to as periodic alimony terminates automatically upon the death of the obligor or the remarriage of the obligee. See, e.g., Holleman v. Holleman, 527 So.2d 90, 92 (Miss. 1988); Skinner v. Skinner, 509 So.2d 867, 869 (Miss. 1987). Periodic alimony is also subject to modification (by increase or decrease) or even termination, in the event of a material change of circumstances subsequent to the decree awarding alimony, although self help is pretermitted; that is, a change or modification may be made only upon order of the chancery court. See, e.g., Shearer v. Shearer, 540 So.2d 9, 12 *795 (Miss. 1989); McNally v. McNally, 516 So.2d 499, 502-03 (Miss. 1987); East v. East, 493 So.2d 927, 931 (Miss. 1986); Colvin v. Colvin, 487 So.2d 840, 841 (Miss. 1986); Wray v. Wray, 394 So.2d 1341, 1344 (Miss. 1981). Periodic alimony becomes vested only on the date each periodic payment becomes due. Rubisoff v. Rubisoff, 242 Miss. 225, 235, 133 So.2d 534, 537 (1961); cf. Brand v. Brand, 482 So.2d 236, 237-38 (Miss. 1986).
By way of contrast, what is commonly referred to as lump sum alimony is that ordered by a court in such form and manner that from the outset it becomes fixed and irrevocable. Lump sum alimony may be payable in a single lump sum or in fixed periodic installments. It may be payable in cash or in kind or in combination thereof. See Holleman v. Holleman, 527 So.2d 90, 92 (Miss. 1988). It is a final settlement between the husband and wife and may not be changed or modified by either party, absent fraud. See, e.g., Wray v. Wray, 394 So.2d 1341, 1344 (Miss. 1981). Lump sum alimony is vested in the obligee when the judgment awarding it becomes final, retroactive to the date the judgment is entered. It becomes an obligation of the estate of the obligor if he or she dies before payment. Holleman v. Holleman, 527 So.2d 90, 92 (Miss. 1988); East v. East, 493 So.2d 927, 931 (Miss. 1986); Maxcy v. Estate of Maxcy, 485 So.2d 1077, 1078 (Miss. 1986).
Because of these important differences between the two forms of alimony, we have repeatedly urged that our chancery courts be as clear as possible in providing the terms and effect of an alimony award. See, e.g., Bonderer v. Robinson, 502 So.2d 314, 316 (Miss. 1986); Wray v. Wray, 394 So.2d 1341, 1344 (Miss. 1981). We have gone so far as to say that, when the wording of the judgment is such that we cannot tell which it is, we will consider that the award is for periodic alimony and not lump sum alimony. See Sharplin v. Sharplin, 465 So.2d 1072, 1073 (Miss. 1985). Nevertheless, we look to the substance of what has been provided, and not the label. We inquire not what the court entering the prior judgment meant but what the judgment means, the language employed our primary and ultimate referent. No technical or magical form of words is required as long as reasonable clarity is achieved. Specifically, the failure to use the words "lump sum" is not fatal. Maxcy v. Estate of Maxcy, 485 So.2d 1077, 1078 (Miss. 1986).
The language at issue today directed that Norvell pay Leona a sum certain. That language further specified regular installment payments. It is possible that one familiar with the language and legal concepts would find the judgment one for lump sum alimony. It is also possible that the judgment effects a property settlement, having in mind Leona's reasonable contributions to jointly accumulated property. It is possible that Norvell had borrowed $5,000.00 from his wife and that the Court merely ordered repayment of that "indebtedness". We need not elect between these, for we find reasonably clear that the Court in 1980 ordered a final settlement of all of Norvell's financial obligations to Leona. Indeed, the word "alimony" may not be found in the judgment. At that time all reasonably should have known that Norvell would ultimately become eligible for military retirement pay. Where we find nothing to indicate otherwise, we must proceed on the assumption that in fixing the financial terms of the 1980 judgment the Chancery Court considered all relevant facts, including Norvell's ultimate eligibility for military retirement. See Colvin v. Colvin, 487 So.2d at 840, 841 (Miss. 1986).
The Chancery Court erred when it held the 1980 judgment to be one for periodic alimony. Res judicata precludes Leona's 1987 action for a share of Norvell's military retirement pension. The judgment of the Chancery Court is reversed and judgment is entered here for Appellant, Norvell L. Bowe.
REVERSED AND RENDERED.
ROY NOBLE LEE, C.J., HAWKINS, DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
NOTES
[1] Of course, in the case of property jointly owned by the parties, not the subject of litigation in the divorce action and not mentioned in the judgment of divorce, title remains undisturbed. See, e.g., Newman v. Newman, 558 So.2d 821, 823 (Miss. 1990); Miller v. Miller, 298 So.2d 704, 706 (Miss. 1974).