PITTMAN, Justice,
for the Court:
Nina Frances (Peters) Armstrong appeals from final judgment rendered in a divorce action severing her 21 year marriage. She challenges the failure of the trial court to award her lump sum alimony and adequate, periodic alimony, a portion of her spouse’s pension plan and stock, as well as the court’s refusal to award her attorney’s fees and require Mr. Armstrong to pay the second mortgage on the marital residence. We affirm in part and reverse and render in part.
Stanley and Nina Armstrong, married in July of 1971 and, divorced in January of 1992. Two children were bom to this union, namely, Natalie, age 14, and Allison, age 10. The parties separated in February 1991. Nina’s subsequently filed divorce complaint charged Stanley with adultery and sought custody of the children, child support, alimony, possession and title to the marital residence, furniture, and other personal property, as well as attorney’s fees.
Stanley answered, initially denying the divorce grounds charged in Nina’s complaint as well as her right to the requested relief. At trial, however, Stanley did not contest the divorce grounds and sufficient proof was received by the chancellor to sustain his decision that Nina should be granted a divorce because of Stanley’s adultery.
Nina was 18 and Stanley 17 years of age, when they married. Stanley continued his education at Northwest Junior College and subsequently obtained employment with Dover Elevator Company where he has remained for more than 17 years. Nina did not continue higher education but devoted her time and efforts toward making a home for the parties, rearing the children, and engaging in part-time work for various employers.
In 1990, Stanley received a gross income of $40,211.90. He received $38,427.48 from his employment with Dover and $1,784.42 from other part-time jobs. Stanley’s net take home pay for 1990 totaled $31,382.21. Nina’s gross income at the time of trial was $1,163.00 per month received from employment by the resident physicist at the Baptist Hospital Medical Center. A total of $230.20 was deducted each month from Nina’s paycheck for income taxes, social security, hospitalization premium, and parking charges.
Stanley listed his monthly expenses, including his anticipated move to a new apartment, as $1,860.00. Nina listed the monthly expenses of herself and the two children as $2,140.19.
The parties are joint owners of a home, furniture, and furnishings in Southaven. The home is valued at approximately $57,-000.00. Two secured instruments of indebtedness on the realty require payments of $223.12 and $70.00 per month, respectively. The parties’ total equity in the home is approximately $34,000.00. Stanley has a vested pension plan with Dover and owns 26 shares of its stock. The parties were indebted to Sears and Visa in the total sum of $2,404.98.
Upon conclusion of trial proceedings, the court rendered its findings of facts and conclusions of law, which were merged into final judgment awarding Nina a divorce *1280 and custody of the two minor children, subject to Stanley’s reasonable rights of visitation. Stanley was ordered to pay child support of $525.00 per month and to maintain hospitalization insurance for the two children. The parties were ordered to divide and pay equally all medical, dental, and optical expenses of the children not covered by insurance. Nina was awarded use and possession of the marital home, furniture, and furnishings. Stanley was ordered to pay the Sears and Visa accounts. Stanley’s equity in the home was frozen at $16,500.00. Nina was ordered to pay the two notes served by mortgages on the home. The trial court declined to award Nina periodic alimony, but ordered Stanley to pay Nina $175.00 per month for two years as “rehabilitative” alimony. No attorney’s fees were awarded.
Aggrieved, Nina appeals contending:
(1) The trial court erred in failing to award her adequate periodic alimony;
(2) The trial court erred in refusing to award her lump sum alimony;
(3) The trial court erred in refusing to award her a portion of Stanley’s vested pension plan and stock;
(4) The trial court erred in requiring her to pay the second mortgage on the marital residence; and
(5) The trial court erred in refusing to award her reasonable attorney's fees.
THE ALIMONY AWARD
Our scope of review of an alimony award is familiar and well settled. Alimony awards are within the discretion of the chancellor, McEachern v. McEachern, 605 So.2d 809, 814 (Miss.1992); Cherry v. Cherry, 593 So.2d 13, 19 (Miss.1991), and his discretion will not be reversed on appeal unless the chancellor was manifestly in error in his finding of fact and abused his discretion. Powers v. Powers, 568 So.2d 255, 257 (Miss.1990); Carpenter v. Carpenter, 519 So.2d 891, 894-95 (Miss.1988); McNally v. McNally, 516 So.2d 499, 501 (Miss.1987); Massey v. Massey, 475 So.2d 802 (Miss.1985); Hopton v. Hopton, 342 So.2d 1298, 1300 (Miss.1977). In the case of a claimed inadequacy or outright denial of alimony, we will interfere only where the decision is seen as so oppressive, unjust or grossly inadequate as to evidence an abuse of discretion. McNally, 516 So.2d at 501; Martin v. Martin, 271 So.2d 391, 394 (Miss.1972). If we find the chancellor’s decision manifestly wrong, or that the court applied an erroneous legal standard, we will not hesitate to reverse. Smith v. Smith, 607 So.2d 122, 126 (Miss.1992).
FACTORS CONSIDERED IN MAKING ALIMONY AWARDS
The following factors are to be considered by the chancellor in arriving at findings and entering judgment for alimony:
1. The income and expenses of the parties;
2. The health and earning capacities of the parties;
3. The needs of each party;
4. The obligations and assets of each party;
5. The length of the marriage;
6. The presence or absence of minor children in the home, which may require that one or both of the parties either pay, or personally provide, child care;
7. The age of the parties;
8. The standard of living of the parties, both during the marriage and at the time of the support determination;
9. The tax consequences of the spousal support order;
10. Fault or misconduct;
11. Wasteful dissipation of assets by either party; or
12. Any other factor deemed by the court to be “just and equitable” in connection with the setting of spousal support.
Hammonds v. Hammonds, 597 So.2d 653, 655 (Miss.1992). See also Powers, 568 So.2d at 259; Carpenter, 519 So.2d at 894; Tutor v. Tutor, 494 So.2d 362 (Miss.1986); McKay v. McKay, 312 So.2d 12, 14 (Miss.1975); Nichols v. Nichols, 254 So.2d 726, *1281 727 (Miss.1971); Brabham v. Brabham, 226 Miss. 165, 84 So.2d 147 (1955).[1]
TYPES OF AWARDS
Our chancery courts are vested with broad authority to provide for the material needs of spouses incident to divorce. Our cases recognize several general forms of awards. We have recognized and approved several general types including, but not limited to:
(a) periodic alimony, sometimes called permanent or continuing alimony;
(b) lump sum alimony or alimony in gross;
(c) division of jointly accumulated property;
(d) award of equitable interest in property.
Bowe v. Bowe, 557 So.2d 793, 794 (Miss. 1990).
Periodic alimony terminates automatically upon the death of the obligor or the death or remarriage of the obligee. Holleman v. Holleman, 527 So.2d 90, 92 (Miss.1988); Skinner v. Skinner, 509 So.2d 867, 869 (Miss.1987). Periodic alimony may be modified by increasing, decreasing, or terminating the award, in the event of a material change of circumstances subsequent to the decree awarding alimony, although self-help is pretermitted; that is, a change or modification may be made only upon order of the court. Shearer v. Shearer, 540 So.2d 9, 12 (Miss.1989); McNally v. McNally, 516 So.2d 499, 502-03 (Miss.1987); East v. East, 493 So.2d 927, 931 (Miss.1986); Colvin v. Colvin, 487 So.2d 840, 841 (Miss.1986); Wray v. Wray, 394 So.2d 1341, 1344 (Miss.1981).
Lump sum alimony may be payable in a single lump sum or fixed periodic installments. Lump sum alimony is a final settlement between husband and wife and may not be changed or modified by either party, absent fraud. Bowe, 557 So.2d at 795; Wray, 394 So.2d at 1344. Lump sum alimony vests in the obligee upon final judgment making the award and becomes an obligation of the estate of the obligor if death occurs before payment. Holleman, 527 So.2d at 92; East, 493 So.2d at 931; Maxcy v. Estate of Maxcy, 485 So.2d 1077, 1078 (Miss.1986).
When the judgment is worded so that we cannot tell whether the award is periodic or lump sum alimony, we will consider that the award is for periodic alimony. See Sharplin v. Sharplin, 465 So.2d 1072, 1073 (Miss.1985). Nevertheless, our inquiry is directed to the substance of the provision and not the label. Maxcy, 485 So.2d at 1078.
The time-limited alimony award made by the trial court to Nina is a form of lump sum alimony. See Bowe v. Bowe, 557 So.2d 793, 794 (Miss.1990). The puzzling issue in this case, however, is not the type of award, but the chancellor’s action in failing to make the alimony award periodic. Nina, through no fault of her own, is departing a 21 year marriage with primary custodial responsibility for two minor children. She is embarking on a new course in life with little formal education and meager job experience to equip her for her journey. Under the facts of this case, equity requires more than the time-limited award. Nina is entitled to periodic alimony as a flexible means of protecting her needs as they arise during her unmarried status, if Stanley is financially able to assist her. In Cleveland v. Cleveland, 600 So.2d 193, 197 (Miss.1992), we reversed the action of the chancellor in awarding lump sum rather than periodic alimony when the circumstances of the case required the latter. In Cleveland, we stated:
Under the facts of this case, there was no reason for the chancellor to set a time certain for the termination of alimony payments. There was nothing about the circumstances of this case or the situa *1282 tion of the parties which required a fixed termination date of the alimony payments by Lance to Beatrice, and the chancellor was manifestly in error in doing so. All periodic alimony is subject to change, depending upon the condition of the parties, in any event. To set a fixed termination date when there is no way to anticipate the needs of Beatrice seven years from the date of the decree, or Lance’s ability to pay, was error.
Cleveland, 600 So.2d at 197. See also Gammage v. Gammage, 599 So.2d at 572-73.
We reverse the chancellor’s award of alimony to Nina for the limited period of two years and render an award of periodic alimony to Nina in the sum of $175.00 per month until she dies, remarries, or the award is modified or terminated pursuant to proper order of the trial court. See McNally v. McNally, 516 So.2d at 502.
STANLEY’S PENSION AND STOCK
Nina maintains that she is entitled to one-half of Stanley’s pension and stock. In considering the assertion, we recognize that Mississippi is not a community property state, and the chancellor was under no obligation to equally divide the property of the parties. Colvin v. Colvin, 487 So.2d 840, 841 (Miss.1986); Rives v. Rives, 416 So.2d 653 (Miss.1982). Nina has no vested right to the pension or stock. We cannot say the chancellor’s failure to award her a portion thereof was an abuse of discretion requiring reversal.
THE SECOND MORTGAGE
No authority is cited in support of the asserted error by the trial court in requiring Nina to pay the monthly notes secured by a second mortgage on the marital home. In this posture, we do not consider the error assigned. Smith v. Dorsey, 599 So.2d 529, 532 (Miss.1992); R.C. Petroleum, Inc. v. Hernandez, 555 So.2d 1017, 1023 (Miss.1990); R & S Development, Inc. v. Wilson, 534 So.2d 1008, 1015 (Miss.1988); Devereaux v. Devereaux, 493 So.2d 1310, 1314 (Miss.1986). Moreover, the record does not reveal an abuse of discretion by the chancellor.
ATTORNEY’S FEES
Nina also contends the trial court erred in refusing to award her reasonable attorney’s fees. We have said time and time again that an award of attorney’s fees in divorce cases is largely a matter entrusted to the sound discretion of the trial court. Absent an abuse of discretion, the chancellor’s decision in such matters will generally be upheld. Martin v. Martin, 566 So.2d 704, 707 (Miss.1990); Kergosien v. Kergosien, 471 So.2d 1206, 1212 (Miss.1985); Ladner v. Ladner, 436 So.2d 1366, 1375 (Miss.1983). In this case, the record shows that Nina was a part-time employee when the parties separated as a result of Stanley’s adulterous conduct. She had no separate funds or estate available to pay her attorney and was forced to borrow funds from her parents for this purpose. During trial she testified without contradiction as follows: “My mother and daddy took the money from their savings to hire ... my attorney so that we could come to this court.” A detailed statement of Nina’s attorney for professional fees in the total sum of $1,275.00 was offered and received in evidence during trial. This statement shows the attorney expended 17 hours on Nina’s case and charged $75.00 per hour for these services. The charges were reasonable, proven and undisputed. Under these circumstances, failure to award Nina the reasonable attorney’s fees incurred was an abuse of discretion. We reverse the action of the trial court in refusing the award of such fees and render judgment awarding Nina $1,275.00 for attorney’s fees.
AFFIRMED IN PART; REVERSED AND RENDERED IN PART.
HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, BANKS, McRAE, ROBERTS and SMITH, JJ., concur.
DAN M. LEE, P.J., concurs in result only.

. Hammonds revised and added factors for consideration. See Gammage v. Gammage, 599 So.2d 569, 573 (Miss.1992) and Cleveland v. Cleveland, 600 So.2d 193, 197 (Miss.1992), however, where the Brabham factors were again approved. Also see White v. White, 557 So.2d 480, 483 (Miss.1989) and Cheatham v. Cheatham, 537 So.2d 435, 438 (Miss.1988) for factors considered in awarding lump sum alimony.