624 So.2d 992 (1993)
Marvin FLOWERS
v.
Era FLOWERS.
No. 91-CA-1154.
Supreme Court of Mississippi.
September 30, 1993.
*993 William Carl Miller, William Carl Miller Law Firm, Biloxi, for appellant.
Era Flowers, pro se.
Before PRATHER, P.J., and SULLIVAN and JAMES L. ROBERTS, Jr., JJ.
SULLIVAN, Justice, for the Court:
The sole issue in this case is the interpretation given by the chancellor to our decision in Newman v. Newman, 558 So.2d 821 (Miss. 1990). We find that the chancellor misinterpreted the decision and we reverse and render this cause.
Marvin and Era Flowers were married the first time in April of 1955, and divorced in July of 1974. During the life of their first marriage, Marvin began to work as a federal civil servant. He did not retire from this position until some years after the parties obtained their first divorce. His civil service pension was not mentioned in the division of personal property from the first divorce. After their first divorce, Era disposed of her interest in the marital home by a quitclaim deed to Marvin.
Marvin and Era married one another again in June of 1990, after each had undergone at least one other unsuccessful marriage. Four months later, Marvin filed for a divorce.
Era testified that for the four years preceding her second marriage to Marvin, she netted an average of Fourteen Thousand Dollars ($14,000.00) per year as the owner and operator of a beauty salon. Marvin's 1989 income tax return showed an adjusted gross income of Twelve Thousand Two Hundred and Sixty-Five Dollars ($12,265.00), and he testified that during the spring and summer months, he had an additional Three Hundred Dollars ($300.00) per month income from yard mowing. Marvin testified that his civil service pension, which provides him with the majority of his yearly income, will be Nine Hundred and Eighty-One Dollars ($981.00) per month.
Marvin's monthly expenses are approximately Nine Hundred and Seventy-Four ($974.00) per month while Era's monthly expenses are approximately One Thousand Two Hundred and Eighty Dollars ($1,280.00).
Era prayed for relief in the form of a vested monetary interest in Marvin's civil service pension. The chancellor concluded that the previous property settlement agreement did not include a division of the retirement fund during their marriage, but subject to the equities of this marital situation, the chancellor found that both parties have a vested interest in this retirement fund. Era was awarded the sum of Four Hundred Dollars ($400.00) per month from Marvin's retirement fund until the fund ceases to exist or both parties, by agreement, make a complete settlement of the funds formerly in dispute.
Marvin was required to pay for Era's return to the home of their daughter in Texas, and costs were taxed to him. Marvin appeals to this Court, assigning one error:

DID THE CHANCELLOR ERR IN INTERPRETING NEWMAN v. NEWMAN AS GIVING ERA FLOWERS A PROPERTY RIGHT IN MARVIN FLOWERS' FEDERAL CIVIL SERVICE PENSION?
"We have long recognized that, incident to a divorce, the Chancery Court has authority, where the equities so suggest, to order a fair division of property accumulated through the joint contributions and efforts of the parties." Brown v. Brown, 574 So.2d 688, 690 (Miss. 1990). See, e.g., Brendel v. Brendel, 566 So.2d 1269, 1273 (Miss. 1990). "The matter rather is committed to the discretion and conscience of the Court, having in mind all of the equities and other relevant facts and circumstances." Brown, 574 So.2d at 691. See Robinson v. Irwin, 546 So.2d 683, 685 (Miss. 1989).
*994 Marvin alleges that the chancellor substantially misperceived this Court's ruling in Newman v. Newman, 558 So.2d 821 (Miss. 1990), which concerned marital domiciliaries of a community property state, as the controlling law for this case. He alleges that his pension was separate property acquired prior to his second marriage to Era and that, as such, the chancellor committed manifest error in awarding Era a monthly portion of this pension. In addition, Marvin contends that it was error to make any monetary support award to Era because the evidence clearly showed that she netted more income than Marvin for the preceding four years.
Era Flowers contends that she is entitled to an interest in Marvin's private pension rights because these are the same form of personal property as the military pension rights discussed by this Court in Newman. She asserts that she acquired a right in his retirement by being a loving wife and mother to his children. Furthermore, Era contends that she is currently unemployable, destitute, and subject to further, continuing mental problems.
The chancellor concluded that Era and Marvin Flowers had a sum total of nearly twenty years in marriage and the previous property settlement did not include a division of the personal property equity amassed in the retirement fund. The chancellor found that:
Mrs. Flowers is entitled to the sum of $400 per month from the retirement fund through Mr. Flowers and is entitled to same from date of Judgment herein until said fund ceased to exist or unless the parties, by agreement, make a complete settlement of the funds formerly in dispute but now vested in the parties in the proportion that the share found for Mrs. Flowers does bear to the whole.
The case of Newman v. Newman consisted of a dispute over a wife's right to her former spouse's military retirement pension. We stated, "Where the serviceman had his domicile in a community property state for all or a part of the time he served in the armed forces, this state will respect rights the law of such state vests in the serviceman's former spouse." 558 So.2d at 825.
In the present litigation, we are not confronted with a choice of law question, a community property state issue, or a military retirement pension; however, as this Court is more adept at deciding military retirement pension issues, a brief discussion is merited. We are faced with making a determination of whether the chancellor erred in interpreting the scope of Newman to apply to the facts of this case.
In Brown, we interpreted the effects of federal law upon an equitable division of a military retirement pension. The chancellor decreed that the ex-wife be provided lump sum alimony and no further alimony "except such rights as may now or hereafter be vested by law in Betty Louise Brown as to the Military retirement of Ralph Nayland Brown." 574 So.2d at 689. This Court concluded that the Federal Uniformed Services Former Spouses Protection Act, hereinafter "FUSFSPA", 10 U.S.C. § 1408, provided that states could enforce their property laws with respect to a serviceman's pension. 574 So.2d at 690. We stated that "FUSFSPA" did not vest rights in anyone but merely removed a federal bar and "allowed the states to treat the military retirement pensions of their domiciliaries as personal property subject to state property laws." 574 So.2d at 690.
This Court held that Mississippi law neither vested nor revested any rights in Brown. 574 So.2d at 691. Her interest in her ex-husband's military pension was rejected. 574 So.2d at 692. Furthermore, we stated that Mississippi law confers no property right as such in a serviceman's military retirement pay as does a community property state. Southern v. Glenn, 568 So.2d 281, 283 (Miss. 1990). See Colvin v. Colvin, 487 So.2d 840, 841 (Miss. 1986).
In Newman, the parties were married resident domiciliaries of California, who traveled extensively with the military. The marriage was dissolved by a divorce decree and fourteen years later, the ex-husband retired from the military. After an additional six years, the ex-wife filed a complaint claiming a property right in her ex-husband's military retirement. 558 So.2d at 822. Neither the Newman's *995 divorce decree nor the Flowers' first divorce decree mentioned the retirement pension. This Court stated that the residency of the parties was of consequence because a wife's rights in a community property state acquired during the marriage are quite different from those under Mississippi law. 558 So.2d at 823. This Court reversed and remanded the summary dismissal of the exwife's claim due to a genuine issue of material fact existing over the domicile of the parties.
Mississippi is not a community property state and does not confer upon Era the rights that a spouse in a community property state is entitled; moreover, a spouse has no vested interest in his/her spouse's military retirement pension. See Southern, 568 So.2d at 285. Based on our holding in Newman, this Court is to uphold the law of the domicile of the service (wo)man when a party petitions for an apportionment of his or his spouse's military retirement. The issue to be resolved concerns a non-military retirement pension, which, under our law does not confer upon Era a right to an apportionment of Marvin's pension. The emphasis placed upon Newman is not well received by this Court.
The chancellor erred in awarding Era a monthly apportionment of Marvin's retirement pension.
The facts of Newman are not on point. The Flowers are not residents of a community property state and neither has any interest in a military retirement pension. What is at stake is the division of a non-military retirement pension in the State of Mississippi. Without the benefit of community property residency, Era Flowers has no vested interest in the retirement benefits of her ex-husband.
It is apparent from the record in this case that except for considering that Era had a vested interest in the retirement plan, the chancellor could not award Era any alimony or support based on a four month marriage, and the income and expenses of both parties. As the chancellor was wrong as a matter of law in determining that Era had a vested entitlement to the pension plan and the facts do not support any other award to Era, we reverse and render the grant of $400.00 per month to Era for her vested interest in Marvin's retirement plan.
The decree of divorce is affirmed. The award of $400.00 per month as vested interest in civil service pension in the form of alimony is reversed and rendered.
AFFIRMED IN PART; REVERSED AND RENDERED IN PART.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and PITTMAN, BANKS, McRAE, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.