United States Court of Appeals,

Fifth Circuit.

No. 95-60114.

Pat M. BARRETT, Jr., and Joyce Barrett, Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

Feb. 9, 1996.

Appeal from the United States District Court for the Southern District of Mississippi.

Before WISDOM, GARWOOD and JONES, Circuit Judges.

WISDOM, Circuit Judge:

The plaintiffs/appellants bring this appeal challenging the district court's denial of their request to deduct alimony payments from their taxable income. We AFFIRM the judgment of the district court with respect to its overall categorization of the alimony payments as non-deductible and REVERSE its decision denying deductions equal to the accrued alimony arrearages.

I.

Pat Barrett Jr. (Pat), the plaintiff/appellant,[1] and Helen Barrett (Helen) were divorced in November 1984. The judgment of divorce (1984 Judgment) provided that the parties had reached a proper settlement of all property rights between them. Additionally, the 1984 Judgment required Pat to make monthly child

---

[1] Pat's current wife, Joyce Barrett, is also a plaintiff/appellant in this suit because he and she filed joint income tax returns for the years in question. For simplicity, we will refer only to Pat, who shares the same legal interests as his wife.

1

support and alimony payments to Helen as follows:

      (a) monthly commencing November 15, 1984, the sum of $1,900.00
      until her death or remarriage;

      (b) until her death or remarriage, [Pat] should provide a
      major medical insurance policy comparable to his present
      medical insurance for [Helen];

      (c) until her death or remarriage, [Pat] should provide
      $100,000 life insurance coverage on his life naming [Helen] as
      beneficiary.

In 1985, the Holmes Chancery Court entered an order (1985 Order) modifying the 1984 Judgment.  It provided that the parties were not entitled to any further division of property;  terminated Pat's child support obligation;  and, because of a material change in Helen's income and earnings capacity, reduced alimony payments to $1400 per month.

Pat timely paid all alimony payments until March 1988, at which time he ceased making payments and petitioned the court to terminate the alimony obligation.  Helen filed an opposition. After negotiating, the parties settled their dispute and entered a consent judgment of modification in the chancery court in 1989 (1989 Consent Judgment), the relevant portion of which provides:

      THIS DAY THIS CAUSE came to be heard on the motion of the
      plaintiff, Pat M. Barrett, Jr., to terminate the alimony
      awarded to defendant, Helen P. Barrett, based on a material
      adverse change in circumstances of the parties, and
      alternatively, on a motion to reduce the alimony being paid by
      plaintiff on the grounds of a material change in the financial
      circumstances of plaintiff and on the motion of defendant to
      hold plaintiff in contempt of court and the court having
      considered the matter, and having conferred with counsel and
      being advised of an agreement between the parties to settle
      all matters in dispute between them, is of the opinion that a
      modification should be granted as follows:

                              1.

That all obligations of plaintiff, Pat M. Barrett, Jr., to pay any past or future alimony or other obligations to Helen P. Barrett pursuant to the [1984 Judgment], and as modified by the [1985 Order], and all further known and unknown claims for support of defendant, Helen P. Barrett against the plaintiff, Pat M. Barrett, Jr. be and [are] hereby terminated. That this termination of alimony shall not be subject to further revision, reinstatement or change in any manner.

2.

That plaintiff Pat M. Barrett, Jr., as additional property settlement, shall pay unto the defendant, Helen P. Barrett the sum of $50,000 on September 8, 1989; and the sum of $50,000 on or before September 8, 1990, said second payment to carry interest at the rate of 8% per annum.

3.

That all other provisions of the original decree, and as modified by the subsequent decree, and regarding the children of the marriage, Pat M. Barrett, III and Jonathan Peeples Barrett shall remain in full force and effect.

Pursuant to this decree, Pat paid Helen $50,000 in 1989 and $54,000 in 1990, $4000 of which constituted the required interest.

On his initial income tax returns in 1989 and 1990, Pat did not claim deductions for these payments. Subsequently, Pat filed amended returns in which he claimed that these payments to Helen constituted deductible alimony under Internal Revenue Code (I.R.C.) §§ 71 and 215, thereby entitling him to a refund of $34,273.

The Internal Revenue Service (I.R.S.) disallowed Pat's deductions, prompting Pat to file this suit to recover the allegedly overpaid income taxes. The district court agreed with the I.R.S. and granted the I.R.S.'s motion for summary judgment, holding that the payments constituted lump sum alimony under

3

Mississippi law and therefore were not deductible.[2]  Pat appeals this decision of the district court.

## II.

The I.R.C. allows individuals to deduct cash "alimony payments" from their taxable income,[3] provided that they meet several requirements.[4]  The parties only disagree with respect to one of the requirements:  whether Pat would have been liable to make the 1989 and 1990 payments "for any period after the death of [Helen]".[5]  If the payments would have terminated upon Helen's death, then the payments constitute deductible alimony.  To decide this matter, we turn to state law.[6]

Applying Mississippi law, we note that our characterization of the alimony payments as "periodic alimony" or "lump sum alimony" determines whether the payments are deductible.[7]  Periodic alimony

---

[2]*Barrett v. United States,* 878 F.Supp. 892, 897 (S.D.Miss.1995).

[3]I.R.C. § 215(a).

[4]*Id.* § 71(b)(1).  Alimony payments are deductible if they are paid in cash, received by the former spouse pursuant to a divorce instrument that does not designate the payments as non-deductible, are not made while the payor and payee spouse are part of the same household, and terminate on the death of the payee spouse.  *Id.*

[5]I.R.C. § 71(b)(1)(D).  Because the parties only contest the district court's application of Mississippi law to the agreed upon facts, we review the issues de novo.

[6]*Burnet v. Harmel,* 287 U.S. 103, 110, 53 S.Ct. 74, 77, 77 L.Ed. 199 (1932).

[7]While the Mississippi Supreme Court recently recognized a new form of alimony, "rehabilitative periodic alimony", this form of alimony is not applicable to the instant case and, therefore, is not considered.  *See Hubbard v. Hubbard,* 656 So.2d 124, 129 (Miss.1995) (en banc).

consists of periodic payments to the payee spouse that are to continue indefinitely until the remarriage of the payee spouse or the death of either the payor or payee spouse.[8] Upon the petition of either spouse, the court may modify periodic alimony when the court finds that the petitioning party had a material change in economic circumstances.[9] The court cannot deprive itself of the power to modify periodic alimony in the future and cannot extend the payments past the remarriage of the payee spouse or death of either spouse.[10] As a result, Mississippi's periodic alimony falls within I.R.C. § 215's definition of deductible alimony.

In contrast to periodic alimony, Mississippi's lump sum alimony is a final settlement, substituting as a division of property, between a husband and wife that cannot be subsequently modified for any reason except fraud.[11] The death or remarriage of the payee spouse does not effect the payor spouse's obligation; lump sum alimony is treated like a traditional debt and is even chargeable to the estate of the payor spouse.[12] Due to these limitations, lump sum alimony does not satisfy the I.R.C.'s

---

[8]*Bowe v. Bowe,* 557 So.2d 793, 795 (Miss.1990); *Wray v. Wray,* 394 So.2d 1341, 1344 (Miss.1981).

[9]*Armstrong v. Armstrong,* 618 So.2d 1278, 1281 (Miss.1993); *Bowe,* 557 So.2d at 795.

[10]*East v. East,* 493 So.2d 927, 931 (Miss.1986).

[11]*Armstrong,* 618 So.2d at 1281; *Cunningham v. Lanier,* 589 So.2d 133, 136 (Miss.1991); *Bowe,* 557 So.2d at 795; *Wray,* 394 So.2d at 1344; *see also Hubbard,* 656 So.2d at 130.

[12]*Bowe,* 557 So.2d at 796; *Maxcy v. Estate of Maxcy,* 485 So.2d 1077, 1078 (Miss.1986); *Wray,* 394 So.2d at 1345.

5

requirements for deductible alimony.

The Mississippi Supreme Court has repeatedly announced that an alimony decree is presumed to provide for periodic alimony unless the decree "by clear and express language" provides for lump sum alimony.[13] Ideally, a lump sum alimony award will state that the payor spouse must pay a certain total sum, payable in specified monthly installments;[14] however, there is no required form for lump sum alimony.

To determine whether the language of an alimony award clearly and expressly provides for lump sum alimony, the court must consider the substance of the award without regard to the label attached.[15] The I.R.S. suggests that the label attached to the instant award—"property settlement"—indicates that the nature of the award is lump sum because property settlements, like lump sum awards, are not subject to subsequent modification.[16] While the

---

[13]*Creekmore v. Creekmore,* 651 So.2d 513, 518 (Miss.1995) (en banc); *Sharplin v. Sharplin,* 465 So.2d 1072, 1073 (Miss.1985); *Wray,* 394 So.2d at 1345; *see also Cunningham,* 589 So.2d at 137 (requiring "clear, unequivocal language" indicating that the alimony is not periodic). Pat asserts that the district court erred by applying a "reasonable clarity" standard to determine the characterization of the alimony payments. Specifically, the district court held that the 1989 Consent Judgment "provides for the payment of lump sum alimony with "reasonable clarity' ". *Barrett,* 878 F.Supp. at 897 (citing *Bowe,* 557 So.2d at 795). While the district court erred with respect to the proper test, we agree with its ultimate conclusion.

[14]*See Wray,* 394 So.2d at 1345.

[15]*Creekmore,* 651 So.2d at 518; *Armstrong,* 618 So.2d at 1281.

[16]*Mount v. Mount,* 624 So.2d 1001, 1004 (Miss.1993) (en banc). The 1984 Judgment provided for a final settlement of Pat and Helen's property rights. Because property settlements cannot be

6

label may suggest that the chancellor intended to prevent further modification of this agreement, it is the characteristics of the award that must control our decision.

One characteristic of lump sum alimony is a specified duration of time for the payments, after which the obligation ceases.[17]  It is a well-established principle in Mississippi law that the chancellor cannot set an arbitrary date for the cessation of periodic alimony.[18]  The 1989 Consent Judgment, in a manner consistent with a lump sum award, explicitly limits Pat's obligation to two separate payments, which he made in 1989 and 1990.[19]  The 1989 Consent Judgment's requirement that Pat make only two more additional payments also coincides with the goal of lump sum alimony to act as a final settlement between the parties, after which payments are made, the parties are forever released from liability from one another.

Another difference between lump sum and periodic alimony is that lump sum alimony constitutes a final settlement between the parties that is not subject to subsequent modification.  The 1989

_____

subsequently modified under Mississippi law, the 1989 Consent Judgment cannot be an additional property settlement or a modification of the original property settlement. *See id.* at 1005.

[17]*Creekmore,* 651 So.2d at 518.

[18]*Hubbard,* 656 So.2d at 128;  *Creekmore,* 651 So.2d at 518-19. The exception, though, is the new *Hubbard*-created rehabilitative periodic alimony.  *See supra* note 7.

[19]The fact that the payments were made in installments is not indicative of periodic alimony;  lump sum alimony can be paid at one time or in installments.  *Creekmore,* 651 So.2d at 518;  *Wray,* 394 So.2d at 1344.

Consent Judgment provides for such an outcome, stating that the cessation of alimony was not subject to any further change. Pat, however, relies on a clause in the 1989 Consent Judgment. This clause provides that the earlier decrees, except as modified by the 1989 Consent Judgment, remain valid. Pat interprets this clause to mean that the provisions of the 1984 Order that terminated the alimony at Helen's death or remarriage are still in effect because the 1989 Consent Judgment did not state otherwise, thereby leaving the periodic alimony in effect. The district court properly rejected this argument. The 1989 Consent Judgment was not a modification of the earlier alimony award; rather, it expressly replaced it. Additionally, the 1989 Consent Judgment provides that it cannot be modified, as is the case with lump sum alimony. For these reasons, the district court was correct in holding that the payments constitute lump sum alimony and, because the obligation to pay lump sum alimony does not terminate at the death of the payee spouse, the court correctly found that such payments are not deductible under I.R.C. § 215(a).

## III.

Our categorization of Pat's payments pursuant to the 1989 Consent Judgment as lump sum alimony, however, does not apply to the amount in which he was in arrears prior to the 1989 Consent Judgment. Because Pat's payments pursuant to the 1989 Consent Judgment were made to extinguish his obligations to pay alimony arrearages and future alimony, the lump sum alimony payments that Pat made are treated as payments in satisfaction of unpaid and

8

accrued alimony to the extent of such arrearages.[20]

The government contends that the 1989 Consent Judgment clearly extinguishes Pat's obligation to pay the past due alimony. This argument, however, assumes that Helen relinquished her rights to past due alimony for no consideration. Under the 1989 Consent Judgment, it is apparent that Helen relinquished her rights to past and future alimony in exchange for the lump sum payments made by Pat.[21] Furthermore, because "[w]e cannot find an unequivocal basis for allocating the lump-sum payment between alimony arrearages and future alimony obligations ..., the payment must be deemed to be in satisfaction of back alimony obligations to the extent thereof".[22]

Alimony arrearages retain the classification of the payments that they held when they became due.[23] When Pat ceased making alimony payments, the 1985 Order, which provided for periodic alimony, was in effect; thus, the $25,200 in alimony arrearages

---

[20]*Olster v. C.I.R.,* 79 T.C. 456, 463-64, 465-66, 1993 WL 267167 (1982), *aff'd,* 751 F.2d 1168 (11th Cir.1985); *see Stroud v. C.I.R.,* 66 T.C.M. (CCH) 158, 1982 WL 11147 (T.C.1993) (noting that the parties stipulated at the time of their settlement of alimony obligations that the husband was $60,000 in arrears and holding that the first $60,000 paid to the former spouse after the settlement is attributed to the periodic payments in arrears at that time); *see also Decker v. United States,* Civ. No. 5:91-172 (JAC), 1993 WL 402814 (D.Conn. June 9, 1993) (holding that "when a lump-sum payment is made in satisfaction of both past and future alimony obligations, it is regarded as having been made in satisfaction of past alimony obligations and is includable in the recipient's gross income to the extent of such arrearages").

[21]*Olster,* 79 T.C. at 465.

[22]*Id.* at 465-66.

[23]*Id.* at 463.

9

that accrued under the 1985 Order are also periodic.[24] Accordingly, $25,200 of Pat's 1989 payment to Helen constitutes deductible alimony under I.R.C. § 215(a).

IV.

In conclusion, we hold that because the 1989 Consent Judgment provided for lump sum alimony, the plaintiffs cannot deduct those payments except to the extent of the arrearages in the amount of $25,200 that already had accrued. For these reasons, the judgment of the district court is AFFIRMED in part and REVERSED in part.

---

[24]*Stroud,* 66 T.C.M. (CCH) 158; *see also Decker,* 1993 WL 402814.