IRVING, J.,
for the court.
¶ 1. Joseph Victor Martin appeals from a judgment of the Chancery Court of Rankin County which found him in contempt for failing to maintain a life insurance policy naming his former spouse, Donna Suzette Martin Ealy, as the primary beneficiary, as required by the final judgment of divorce.
¶ 2. We find no abuse of discretion on the part of the chancellor; therefore, we affirm.
FACTS
¶ 3. Joseph Victor Martin and Donna Suzette Martin Ealy were married on September 29, 1972. The parties had one surviving son, Joseph Shane Martin. On August 17, 1993, the Chancery .Court of Rankin County granted the parties a divorce on the grounds of irreconcilable differences.
¶ 4. Suzette filed a “Petition for a Contempt Judgment” seeking to have Victor held in contempt of court for his failure to comply with the following provision from the parties’ separation agreement which was incorporated in the final judgment of divorce:
LIFE INSURANCE ON THE PARTIES: The husband shall maintain in force the same life insurance coverage now in effect and agrees that the beneficiaries of those policies shall not be changed without the consent of the wife and shall provide the wife with the proof that such coverage is in force upon her request.
Additionally, Suzette requested that the life insurance coverage be reinstated, that proof of such insurance be given to her, and that Victor be incarcerated pending such proof. Suzette also asked that Victor be held responsible for her attorney’s fees and the court costs.
¶ 5. Victor answered and counterclaimed with a request that the final judgment of divorce be modified. Victor averred that the provision relating to life insurance for Suzette was actually for the benefit of their son, Shane, during his minority and that Shane had obtained his majority. Victor also alleged that, since Suzette had remarried, his obligation of support to her had been abrogated. Victor beseeched the chancellor to modify the final judgment of divorce to eliminate any requirement that he maintain life insurance for the benefit of Shane or Suzette since Shane had reached his majority and Suzette had remarried.
¶ 6. After a hearing on the matter, the chancellor rendered a judgment granting Suzette’s requests for relief and dismissed Victor’s counterclaim. Victor was found in contempt for failure to maintain the life insurance coverage on his life in the amount of $362,000 as provided in the final judgment of divorce, for his unauthorized change of the beneficiaries of his life insurance without Suzette’s permission, and for his further failure to provide proof of such coverage upon request by Suzette. The chancellor ordered Victor to reinstate the life insurance coverage at the pre-divorce level, to designate the beneficiaries in accordance with the pre-divorce designation, and to pay attorney’s fees and court costs.
¶ 7. Additional facts will be related during the discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 8. “A limited standard of review is employed by [appellate courts] in *1037 reviewing decisions of- a chancellor.” Stacy v. Ross, 798 So.2d 1275, 1278(¶ 13) (Miss.2001). “Findings will not be disturbed on review unless the chancellor abused his discretion, was manifestly wrong, or made a finding which was clearly erroneous.” Id.
¶ 9. An appellate court will not reverse a chancellor’s findings where they are supported by substantial credible evidence in the record. Shipley v. Ferguson, 638 So.2d 1295, 1297 (Miss.1994). This standard of review holds true for contempt matters too. Contempt matters are generally “committed to the substantial discretion of the trial court which, by institutional circumstance and both temporal and visual proximity, is infinitely more competent to decide the matter than we are.” Cumberland v. Cumberland, 564 So.2d 839, 845 (Miss.1990). A citation for contempt is proper only when the contemner has willfully and deliberately ignored the order or the chancellor. Bredemeier v. Jackson, 689 So.2d 770, 777 (Miss.1997). Clear and convincing proof is required for a finding of contempt by the chancellor. Cumberland, 564 So.2d at 845.
¶ 10. Victor claims that the chancellor erred in ordering the reinstatement of the life insurance because the facts clearly show that Suzette was not awarded an ownership interest in his life insurance policies upon their divorce. He insists that she was only given the right to be maintained as the primary beneficiary thereof. Therefore, the award was in the nature of alimony or support for either her or their son, and as such, it was subject to termination upon the occurrence of a proper change in circumstances, i.e., Suzette’s remarriage or Shane’s emancipation.
¶ 11. Conversely, Suzette contends the provisions of the final judgment of divorce pertaining to the life insurance coverage in effect at the time of the divorce was a part of the overall property division as negotiated by the parties. Thus, the directive regarding insurance coverage was neither modifiable nor terminable, and thereby irrevocably binding upon Victor and his estate.
¶ 12. First, we acknowledge that divorce alone does not divest one of the right to receive life insurance proceeds under a former spouse’s policy. In re Estate of Hodges, 807 So.2d 438, 445(¶ 25) (Miss.2002). In determining whether the life insurance beneficiary directive is in the nature of alimony or property division, we examine the separation agreement that was incorporated into the final judgment of divorce.
¶ 13. Paragraph five of that agreement states:
WAIVER OF ALIMONY: Each party understanding that a waiver of alimony in this Agreement will forever waive any claim to alimony, nonetheless waives all right, if any, he or she may have to receive alimony from the other.
Other directives of the agreement required Victor to pay to Suzette one half of the equity in the parties’ marital domicile, to convey to Suzette all rights, title and interest in a 1986 Nissan 300ZX, and to transfer to Suzette an individual retirement account.
¶ 14. Separation agreements like property settlement agreements are contractual obligations. Id. at 445(¶ 26). “The provisions contained within a property settlement agreement executed prior to a dissolution of marriage, purporting to resolve the parties’ property rights, are interpreted by the courts as any other contract.” Id. The Mississippi Supreme Court has long recognized that:
parties may upon dissolution of their marriage have a property settlement incorporated in the divorce decree, and *1038 such property settlement is not subject to modification. A true and genuine property settlement agreement is no different from any other contract, and the mere fact that it is between a divorcing husband and wife, and incorporated in a divorce decree, does not change its character.
East v. East, 493 So.2d 927, 931-32 (Miss.1986). “The right of persons to contract is fundamental to our jurisprudence, and, absent mutual mistake, fraud and/or illegality, the courts do not have the authority to modify, add to, or subtract from the terms of a contract validly executed between two parties.” First Nat’l Bank of Vicksburg v. Caruthers, 443 So.2d 861, 864 (Miss.1983).
¶ 15. Moreover, “this Court will not rewrite contracts where they are not illegal, immoral or contrary to established public policy.” Travelers Indem. Co. v. Chappell, 246 So.2d 498, 510 (Miss.1971). The “fundamental consideration is the intention of the parties based upon a reasonable construction of the entire settlement agreement.” Hodges, 807 So.2d at 445 (¶ 25) (quoting Davis v. Davis, 301 So.2d 154, 156 (Fla.Dist.Ct.App.1974)). In interpreting the intention of the parties when examining the settlement agreement, the supreme court, in Newell v. Hinton, 556 So.2d 1037 (Miss.1990), stated “intent of the parties is crucial in contract interpretation. Of course, it must be understood that the words employed in a contract are by far the best resource for ascertaining intent and assigning meaning with fairness and accuracy.” Id. at 1042.
¶ 16. We must look to the substance of what has been provided, and not the label. Bowe v. Bowe, 557 So.2d 793, 795 (Miss.1990). In the case at bar, Suzette waived all rights to alimony, and Victor agreed to maintain in force the same life insurance coverage that was in effect at the time of the parties’ divorce. Furthermore, Victor agreed that beneficiaries of such insurance policies would not be changed without Suzette’s consent.
¶ 17. There is nothing within the agreement which suggests that the life insurance provision of paragraph five was a form of support or maintenance as Victor contends. Furthermore, upon further scrutiny of the agreement, we find that Suzette and Victor acknowledged that “the provisions of the agreement shall be binding upon their respective heirs, assigns, executors and administrators.” Thus, both parties intended to be bound by the provisions of the agreement. Simply put, the parties agreed and signed under oath that they had resolved all claims, including alimony and property division, and presented the agreement to the chancellor who reviewed and approved it. The chancellor also incorporated it in his final judgment, from which no party appealed.
¶ 18. Accordingly, we determine that Victor and Suzette entered into a binding contract. We find no merit in Victor’s contention that Suzette’s right to be maintained as the primary beneficiary has expired since she has now remarried. That would be the case only if the life insurance provision was in the nature of periodic alimony. We do not find this to be the case. We recognize the fact that when Victor entered into this contractual agreement he was not represented by counsel, but this is no reason for us to give an erroneous interpretation to what is otherwise a clear and unambiguous provision. The provision in the agreement is not against public policy, and Victor does not argue that to be the case.
¶ 19. Finding the chancellor’s judgment to be proper in every respect, we affirm.
¶ 20. THE JUDGMENT OF THE CHANCERY COURT OF RANKIN COUNTY IS AFFIRMED. ALL COSTS *1039 OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.