BRIDGES, J.,
concurring in part, dissenting in part:
¶ 15. On one aspect, I agree with the majority. The chancery court should not have held Mr. Patterson in contempt for failing to pay Mrs. Broach alimony after Mrs. Broach remarried. However, I feel that the majority is incorrect in holding that the chancellor erred when he found Mr. Patterson in contempt for changing the beneficiary of his life insurance policy. Accordingly, I respectfully and humbly dissent.
¶ 16. This Court must review this domestic relations case under a strictly limited standard. Witters v. Witters, 864 So.2d 999(¶ 9) (Miss.Ct.App.2004). “We will not disturb the findings of a chancellor unless we find an abuse of discretion, an erroneous application of law, or a manifest error.” Id. Thus, if we find substantial evidence in the record to support the chancellor’s findings, we will not reverse. Id.
¶ 17. The majority cites the principle that “[t]he purpose of civil contempt is first and foremost to obtain compliance with the lawful directives of the court.” Id. at (¶ 18). Then the majority concedes that “Mr. Patterson technically violated the directive of the court by removing Mrs. Broach as the beneficiary of his life insurance policy.” I agree.
¶ 18. Next, the majority cites Wing v. Wing, 549 So.2d 944, 947 (Miss.1989) for its discussion of certain qualifiers to a finding of contempt. As a matter of law, a party may not be held in contempt of a judgment unless that judgment is “complete within itself’ with no “extraneous references.” Id. Aso, a party may not be held in contempt of a judgment if that judgment contains a description or designation that could create contention over its meaning. Id. Finally, a party may not be held in contempt of a judgment if that judgment leaves an open judicial question which others must determine. Id.
¶ 19. Despite the majority’s citation to Wing, the majority does not tell us exactly how this language from Wing renders the insurance beneficiary provision of the divorce decree unenforceable. Is the divorce decree somehow incomplete within itself? Does it contain some extraneous reference? Does it leave open a contentious or ambiguous description? Is it overly vague? I think not. The decree ordered Mr. Patterson to maintain Mrs. Broach as the beneficiary of his insurance policy. There is nothing unclear or ambiguous about this. .
¶ 20. Instead, the majority concludes that the insurance policy provision of the divorce decree is called into question because Mr. Patterson had no obligation to support Mrs. Broach. The majority fur *502 ther undergirds its position when it states that “[t]his case was decided prior to the recognition of equitable distribution by our supreme court, in Ferguson v. Ferguson, 639 So.2d 921, 927 (Miss.1994)Not to split hairs, but a more accurate description is that our supreme court, through an evolution of case law, abandoned the title theory method of distribution of marital assets and had evolved into an equitable distribution system. Id. (emphasis added). That language implies that our supreme court recognized equitable principles in distributing marital property prior to Ferguson. See Bowe v. Bowe, 557 So.2d 793, 794 (Miss.1990); Draper v. Draper, 627 So.2d 302 (Miss.1993).
¶ 21. Nevertheless, then the majority concludes that “the only reason for which the chancellor could have required that the former Mrs. Patterson be retained as the named beneficiary on the life insurance policy would have been to insure the payment of child support or alimony.” That is one of many possible conclusions, but there is no language in the decree that suggests that was the chancellor’s intent when he issued his decree in 1974.
¶ 22. The majority concedes that Mr. Patterson should have attempted to modify the decree before changing the beneficiary of his life insurance policy. However, where the majority suggests that a finding of contempt is a “seemingly harsh result in light of the circumstances,” I would hold that it is a necessary conclusion. The divorce decree is crystal clear. The chancellor ordered Mr. Patterson to maintain Mrs. Broach as the beneficiary of his insurance policy. Mr. Patterson did not. He removed Mrs. Broach as the beneficiary of his insurance policy. While I can agree that it seems inequitable under the circumstances, I would hold that Mr. Patterson should have attempted to modify the decree before changing beneficiaries. If we do not require this, we leave open questions as to when a party may violate judgments without attempting modification with no concern that they may be ’later found in contempt. We leave chancellors and parties without any direction at all and encourage them to apply their own conclusions and their own will to contempt actions. “In the absence of manifest abuse of discretion, coupled with the presence of substantial credible evidence, we should not disturb the learned chancellor’s decision substituting our judgment for that of the chancellor.” Mabus v. Mabus, 910 So.2d 486(¶ 6) (Miss.2005). In my view, the majority is substituting its view for the chancellor’s.
¶23. The majority states that Mrs. Broach would be unjustly enriched if we require Mr. Patterson to maintain her as the beneficiary of his insurance policy. I concede that this is a conclusion that warrants consideration. However, I feel that a party’s duty to seek modification of a judgment and the orderly and predictable transaction of proper legal procedure outweigh the risk of Mrs. Broach’s unjust enrichment.
f 24. At any rate, by reversing and rendering, the majority must conclude that the chancellor either abused his discretion, arrived at his conclusion under an erroneous application of law, or committed a manifest error. I humbly and most respectfully disagree. The chancellor was faced with a clear decree and an obvious violation of that decree. I would hold that substantial evidence supported the chancellor’s decision and that we should affirm on that basis.
¶ 25. What is more, Mr. Patterson did not argue that the divorce decree was vague, ambiguous or otherwise. Instead, Mr. Patterson argued that Mrs. Broach’s contempt action was barred by the statute *503 of limitations and defeated by the doctrine of laches.
¶ 26. According to Mr. Patterson, Mrs. Broach’s attempt to enforce the obligations in the agreement is barred by the statute of limitations listed at Section 15-1-49 of the Mississippi Code. We disagree. That section sets forth the limitations period applicable to actions “not otherwise specifically provided for.” Miss.Code Ann. § 15-1^49 (Rev.2003). Mrs. Broach claimed that Mr. Patterson was in contempt of the chancellor’s judgment of divorce, as it incorporated their agreement. It is not the agreement that serves the basis of Mrs. Broach’s claim, but the decree. Because Section 15-1-43 of the Mississippi Code details the limitations period “applicable to actions founded on domestic judgments or decrees,” Section 15-1-49 does not apply. Miss.Code Ann. § 15-1^13 (Rev.2003). That is, a contempt claim alleges that one party is in violation of a judgment or, as here, a decree. Section 15-1-43 applies to actions founded on domestic judgments or decrees. Since the limitation period regarding Mrs. Broach’s claims was “specifically provided for,” that limitation period connected to actions “not otherwise specifically provided for” does not apply. Put simply, a specific statute of limitation applies, so the catch-all limitation period is inapplicable.
¶ 27. According to Section 15-1-43, “[a]ll actions founded on any judgment or decree rendered by any court of record in this state, shall be brought within seven years next after the rendition of such judgment or decree, and not after, and an execution shall not issue on any judgment or decree after seven years from the date of the judgment or decree.” Reviewing the record, there is little information to guide this Court. Mrs. Broach testified that she only found out Mr. Patterson changed her status as the beneficiary of his Veteran’s policy six months before she filed her contempt action. The record does not reflect the exact date that Mr. Patterson changed the beneficiary of his life insurance policy. It is possible that Mrs. Broach should have known Mr. Patterson changed his policy when he made the change, but thfere is no way to know when Mr. Patterson changed his policy. Additionally, we do not know how Mrs. Broach discovered that Mr. Patterson changed his policy. One who asserts the statute of limitations as an affirmative defense bears the burden of proof that the defense applies. Graham v. Pugh, 417 So.2d 536, 540-41 (Miss.1982). Because Mr. Patterson did not prove the statute of limitations bars Mrs. Broach’s claim, we cannot find that the chancellor erred in failing to apply the statute of limitations.
¶ 28. Mr. Patterson also asserted laches as a defense to Mrs. Broach’s contempt action. However, laches does not apply under the circumstances. Laches does not apply “where a claim has not yet been barred by the applicable statute of limitations.” Mississippi Dept. of Human Services v. Molden, 644 So.2d 1230, 1232 (Miss.1994) (citations omitted).
¶ 29. Because the majority holds that the chancellor erred when he found Mr. Patterson in contempt, for all the reasons stated above, I most humbly dissent.
CHANDLER AND BARNES, JJ., JOIN THIS SEPARATE WRITTEN OPINION. ISHEE, J., JOINS THIS SEPARATE WRITTEN OPINION IN PART.